■ CITY SCREENPRINT CORP., Appellant, v. AGUILAR CORPORATION et al., Respondents.— In an action: (1) to declare the rights of the several parties with respect to certain real property and with respect to a lease of portions of such property — the lease giving plaintiff, the lessee, the option of renewal and the option of buying the property under certain conditions; and (2) for

such other consequential relief as may be proper, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered October 19, 1960, after a nonjury trial, which adjudges: (a) that there was a bona fide sale of the real property by the defendant Kahn Corporation to the defendant Aguilar Corporation; (b) that the plaintiff's option to purchase the premises was terminated; and (c) that, by reason of the aforesaid sale, plaintiff's option to renew and extend the lease cannot be exercised and that plaintiff's lease terminated on June 30, 1960; and which (d) also dismisses the complaint on the merits. Judgment modified on the law, by deleting from the last decretal paragraph the provision that the complaint be dismissed. As so modified, judgment affirmed, with costs. The findings of fact are affirmed. We are in accord with the Special Term's declaration of the rights of the parties. But having declared and defined the parties' rights, it was error for the court to dismiss the complaint (*Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45). Nolan, P. J., Beldock, Ughetta and Christ, JJ., concur; Brennan, J., dissents and votes to reverse the judgment on the law and the facts, and to direct judgment in favor of the plaintiff declaring that its lease has been renewed for a five-year period commencing July 1, 1960, with the following memorandum: A first option to purchase contained in a lease may confer a valuable contract right on a tenant (*Cortese* v. *Connors*, 1 N Y 2d 265, 268). "The option of renewal or of purchase in a lease signed by both parties often involving vast sums of money and being an inducement on the part of the lessee to pay a greater rent or to make larger expenditures for the care of the leased property, is quite a different matter from an ordinary option signed by the owner alone giving another the privilege of purchasing at a fixed price within a definite time" (*Bullock* v. *Cutting*, 155 App. Div. 825, 830). Here the increased rental and the substantial sums to be spent by the plaintiff were so important that the provision giving the first option to the plaintiff to purchase was void unless the tenant, its assignees or subtenants, utilized the additional space and made substantial improvements to the space. In "every contract there is an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract, which means that in every contract there exists an implied covenant of good faith and fair dealing" (*Kirke La Shelle Co.* v. *Armstrong Co.*, 263 N. Y. 79, 87). In my opinion, it was not within the purview and intent of the parties: (1) that the landlord would make arrangements to diminish substantially the rental income and to increase the purchase price for the benefit of a purchaser who desired to demolish the buildings; and (2) that the landlord could require the plaintiff to match these terms to avoid forfeiture of its options to purchase or to renew the lease. There necessarily was a covenant, whether expressed or not, of extreme good faith by the landlord (see, e.g., *Daitch Crystal Dairies* v. *Neisloss*, 8 A D 2d 965, affd. 8 N Y 2d 723; *Goldberg, 168–05 Corp.* v. *Levy*, 256 App. Div. 1086).