■ C & B WHOLESALE STATIONERY, Appellant, v. S. DE BELLA DRESSES, INC. et al., Respondents.— In an action *inter alia* for specific performance, plaintiff appeals for (1) an order of the Supreme Court, Nassau County, dated May 25, 1973, which granted a motion by defendant S. De Bella Dresses, Inc. for summary judgment, in which motion the other defendants joined, and from (2) a judgment of the Supreme Court, Suffolk County, entered June 5, 1973, in favor of said defendant, upon said order. Order modified, on the law, by adding thereto, immediately after the provision that the motion " to dismiss the complaint is granted ", the following: " only to the extent of the plaintiff's claim that defendants be compelled to convey title to the leased premises to plaintiff; and plaintiff is granted summary judgment against all the defendants to the extent of its claim to set aside the transfer of the leased premises and for an injunction prohibiting defendant S. De Bella Dresses, Inc. from conveying the leased premises in derogation of plaintiff's right of first refusal." As so modified, order affirmed. Judgment reversed, on the law, and case remanded to Special Term for further proceedings, including entry of an amended judgment, consistent with the determination herein on the appeal from the order. Appellant is granted a single bill of $20 costs and disbursements, to cover both appeals, jointly against respondents appearing separately and submitting separate briefs. Since no material issues of fact exist, the granting of summary judgment in favor of plaintiff to the extent indicated herein is appropriate (CPLR 3212, subd. [b]). Item No. 10 in the lease between the plaintiff lessee and the defendant lessor, S. De Bella Dresses, Inc., granted plaintiff a right of first refusal in the event the lessor intended to sell the leased premises. Sometime after the lease was entered into, the lessor received an offer from a third party, defendant 380 South Broadway Realty Corp., to buy the parcel of land of which the leased premises formed but a part, and communicated that offer to plaintiff, although the communication of the offer did not fully comply with the requirements set forth in Item No. 10. Plaintiff, in reply, attempted to exercise the option to buy the leased premises, but the lessor refused to sell them separately and consummated the sale of the entire parcel to the third party. Plaintiff, in

this action, seeks to rescind the sale of the entire parcel by the lessor to the third party, together with the later-consummated assignment of interest in the contract of sale by the third party to the individual defendants, and, further, to compel all the defendants " to perform the option and/or agreement and require a delivery of fee title to the plaintiff pursuant to the terms and conditions substantially similar to those offered to " the third party. The lessor's sale of the leased premises as part of the larger parcel violated the first refusal clause of the lease (*New Atlantic Garden* v. *Atlantic Garden Realty Corp.*, 201 App. Div. 404, affd. 237 N. Y. 540; *Costello* v. *Hoffman*, 30 A D 2d 530). It is true that the lessor communicated the offer it had received to plaintiff, but it improperly disregarded plaintiff's attempted exercise of the option as to the leased premises. The right which plaintiff enjoyed by virtue of the first refusal clause cannot be rendered nugatory by the device of attaching additional land to the leased premises and finding a buyer for the entire parcel (*Guaclides* v. *Kruse*, 67 N. J. Super. 348, 359). Normally, the remedy of one in plaintiff's position would be an injunction forbidding the lessor's selling the leased premises to a third party, but in this case a sale of the larger parcel, including the leased premises, has already been completed. Thus, it is necessary to order a conveyance of title to the leased premises back to the lessor and to enjoin a further sale of the leased premises by the lessor to anyone other than plaintiff without giving the latter an opportunity to meet any bona fide offer of purchase thereof. Specific performance is not available to plaintiff, since the lessor had no intention to sell only the leased premises (*Sautkulis* v. *Conklin*, 1 A D 2d 962, affd. 2 N Y 2d 919). Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.