OPINION OF THE COURT
Richard F. Kuhnen, J.
Motion to dismiss complaint on ground complaint fails to state a cause of action.
The amended complaint alleges that defendants Giles, on December 14, 1971, gave plaintiffs a first refusal option to purchase a triangular piece of property in Tompkins County, *1062 New York, adjoining premises owned and occupied by plaintiffs; that on May 4, 1979, defendant Noel Desch offered to purchase from the Giles a parcel which included the triangular piece; that the Giles served notice upon plaintiffs of the offer giving them 10 days to match it; that on June 15, 1979, and within the 10 days, plaintiffs served written notice upon the Giles accepting the offer to purchase the whole 123-acre parcel on the same terms as offered by defendant Noel Desch and previously accepted by Giles on May 5, 1979; that the defendants Noel Desch and Montgomery May, with knowledge of plaintiffs’ first refusal and contract to purchase nevertheless persuaded the Giles to convey the parcel to them and defendants Janet G. Desch and Eleanor P. May.
A first cause of action against all the defendants seeks rescission of the conveyance to defendants Desch and May.
A second cause of action is against defendants Noel Desch and Montgomery May for inducing breach of contract by the Giles.
The relief asked for is a judgment (1) rescinding the conveyance to the defendants Desch and May, (2) directing the defendants Giles to convey the property to plaintiffs, (3) damages of $2,500 if the Giles cannot give marketable title, and (4) damages of $25,000 against Noel Desch and Montgomery May.
No answer has been served in view of the motion to dismiss the complaint.
In his affidavit in support of the motion, defendant Sydney H. Giles, Jr., states that in the fall of 1978 he advised plaintiff Peter R. Capalongo that he wanted to sell the 123 acres, although not the smaller portion separately, but Capalongo stated that he did not want to buy the whole parcel; that thereafter he contracted to sell the 123 acres to Noel Desch without mentioning plaintiffs’ option; that subsequently and before the conveyance, he notified plaintiffs of the Desch contract (which he characterized in the notice first as an "offer”, then as a "contract”); that he never had any desire to sell the triangular piece separately.
Plaintiffs’ counsel, Robert J. Hines, states in his affidavit in opposition to the motion that when it became apparent that the defendants Giles "had two outstanding contracts for the sale of the same parcel of land”, he met with the attorney for Noel Desch and Montgomery May in the office of Giles’ attorney, Harry Hamilton, on June 28, 1979, in an attempt to work out a settlement; that additional negotiations were had *1063 and, on July 16, 1979, he telephoned attorney Hamilton to set up another meeting. Hamilton, he says, said that he was "too busy to talk with me right then”. He alleges that he later learned that at the very moment of the call, Hamilton was in the process of "closing title from his client to DESCH and others who were all present in his office at the time”.
Defendant Noel Desch, in his affidavit, states that he was never aware of plaintiffs’ first refusal option "until several days after the signing of the above mentioned contract” (his contract to purchase). He states also, upon information and belief, that the same is true of the defendants Janet G. Desch, Eleanor P. May and Montgomery May.
Although the motion is made under CPLR 3211 (subd [a], par 7) to dismiss the complaint on the ground that it fails to state a cause of action, the court is authorized under subdivision (c) of that section to "treat the motion as a motion for summary judgment”, and has so advised the parties and an opportunity afforded them to "submit any evidence that could properly be considered on a motion for summary judgment”, in accordance with the subdivision. Affidavits have been submitted in support and in opposition to the motion and the court has taken into consideration the statements contained in them in deciding the motion.
The questions presented are: (1) whether, on the facts recited, a contract for purchase by plaintiffs of the 123-acre parcel resulted from the acceptance by plaintiffs of the offer contained in Giles’ notice to plaintiffs, giving them 10 days to match the Desch offer; (2) whether, on the facts recited, the defendants Giles had a duty under the first refusal option with plaintiffs to give them a first refusal option also on the 123-acre parcel before accepting an offer from a third party; (3) whether, on the facts recited, the defendant grantees may be considered bona fide purchasers.
It is clear from the allegations of the complaint itself that the contract for the purchase of the 123-acre parcel by defendant Noel Desch antedated the contract by plaintiffs to purchase the same property. While this of itself might prevent rescission of the conveyance to defendants Desch and May, the complaint still states a good cause of action for damages against defendants Giles for failure to fulfill the contract with plaintiffs.
However, the complaint alleges and the affidavits show that on the date plaintiffs accepted the Giles’ offer for the 123- *1064 acre parcel and before the actual conveyance to them the other defendants knew of plaintiffs’ first refusal option on the smaller piece. If this first refusal option gave rise, as a matter of law, to an obligation on the part of defendants Giles to give plaintiffs a first refusal also on the 123-acre parcel — which we think it did — then defendants Desch and May cannot be considered bona fide purchasers of the property and plaintiffs would be entitled to broader relief, including rescission and conveyance to them. (Pollack v Viele, 63 NYS2d 576.)
The problems presented have been the subject of considerable discussion by the courts since the decision in 1922 in New Atlantic Garden v Atlantic Garden Realty Corp. (201 App Div 404, affd 237 NY 540). The court there held that a contemplated sale of an entire parcel did not entitle plaintiff to specific performance on his first refusal option to purchase the demised portion, but that plaintiff was entitled to an injunction against sale of the demised portion without a first offer to plaintiff. Whether plaintiff was entitled to an offer to match an offer for the whole parcel was not involved.
In 1956, the Second Department had the opportunity of dealing with the problem again in Sautkulis v Conklin (1 AD2d 962). There the landlord had already sold the larger parcel without notice to plaintiff lessee who had a first refusal on a portion. Plaintiff sought specific performance of the option to purchase the part leased to him, joining as defendant the purchaser who was aware of plaintiff’s option. The court upheld the dismissal of the complaint on the ground that the landlord could not be compelled to sell the demised portion separately, absent proof that she desired to do so, citing New Atlantic Garden v Atlantic Garden Realty Corp. (supra).
On almost identical facts, the Second Department in 1968 held that a complaint stated a cause of action which sought enforcement of a right to purchase on the same terms a parcel sold to a third party who had knowledge of plaintiff’s first refusal option on the included demised portion. The court in that case (Costello v Hoffman, 30 AD2d 530, 532) quoted with approval from Guaclides v Kruse (67 NJ Super 348, 359): "To allow the owner of the whole to by-pass the optionee merely by attaching additional land to the part under option would render nugatory a substantial right which the optionee had bargained for and obtained.” The court distinguished Sautkulis (supra) on the ground that that action was merely for *1065 specific performance of the option on the leased portion which, according to New Atlantic Garden (supra), could not be given, but which did entitle plaintiff to an injunction against sale to a third party of the leased portion in violation of plaintiff’s option.
In Klein v Gelb (34 AD2d 1079) the Third Department reaffirmed the principle of New Atlantic Garden (supra) and Sautkulis (1 AD2d 962, supra) that specific performance of a first refusal option to purchse a leasehold was not available where the landlord was willing to sell only the larger parcel. In that case the landlord’s attorney, however, recognized the tenant’s right of first refusal on also the whole parcel, did offer it to him on the same terms as the third party, but it was turned down.
The latest reported decision on the subject seems to be C & B Wholesale Stationery v De Bella Dresses (43 AD2d 579). In that case the lessor refused to sell the demised premises separately and consummated a sale of the entire parcel to a third party, after first notifying the tenant. Citing New Atlantic Garden (201 App Div 404, supra) and Costello (supra), the court held that while the tenant had no right to compel specific performance of its option on the demised premises, it could enjoin the owner from selling the entire parcel. The court stated: "The right which plaintiff enjoyed by virtue of the first refusal clause cannot be rendered nugatory by the device of attaching additional land to the leased premises and finding a buyer for the entire parcel (Guaclides v. Kruse, 67 N. J. Super. 348, 359). Normally, the remedy of one in plaintiff’s position would be an injunction forbidding the lessor’s selling the leased premises to a third party, but in this case a sale of the larger parcel, including the leased premises, has already been completed. Thus, it is necessary to order a conveyance of title to the leased premises back to the lessor and to enjoin a further sale of the leased premises by the lessor to anyone other than plaintiff without giving the latter an opportunity to meet any bona fide offer of purchase thereof. Specific performance is not available to plaintiff, since the lessor had no intention to sell only the leased premises (Sautkulis v. Conklin, 1 A. D. 2d 962, affd. 2 N. Y. 2d 919).” (C & B Wholesale Stationery v De Bella Dresses, supra, p 580.)
If this decision means that the lessor can never dispose of the larger parcel even if he offers it first to the lessee upon the same terms, we are not in accord. This would mean that *1066 unless he had an offer from a third party for the leased premises separately, he might have to hold on to them forever, and perhaps also to the larger parcel if, as may very well be the case here, it was not suitable for development without including the leased premises.
In our opinion, a better analysis of the situation presented here and in similar situations is that where an owner does have an offer from a third party to purchase a piece on which he has given a first refusal option, but on terms which specify inclusion of the piece in a larger parcel, that he thereupon has a duty to offer the whole parcel to the option holder on the same terms. Here defendants Giles did so offer and plaintiffs accepted. While such a holding affords the optionee as much protection as in all fairness he has a right to expect, it imposes no burden or hardship on the owner as, whoever becomes the ultimate purchaser, he receives the same compensation.
A different situation would be presented where the optionee proves that the owner and third party have entered into a fraudulent scheme for the express purpose of defeating the option. An injunction as in C & B Wholesale Stationery v De Bella Dresses (supra) might then very well be warranted. (See, also, City Screenprint Corp. v Aguilar Corp., 13 AD2d 702.)
Counsel for defendants make the further point that since the option was by its terms binding upon assigns, plaintiffs have not been harmed as they still retain the option of first refusal on the triangular piece if the new owners ever decide to sell that separately. Such a construction would do violence to the intention of the parties. Plaintiffs were undoubtedly seeking to protect themselves from development and occupancy of the immediately adjoining piece, which could only be effective if they had a first refusal on the piece or on any portion including it. A sale to a third party subject to the option, for development purposes, as here, would defeat the purpose of the option and render it meaningless unless the entire parcel were first offered to plaintiffs on the same terms.
The defendants Giles are apparently laboring under the mistaken impression that if they owed any duty to plaintiffs under the first refusal option, they were relieved of it if plaintiffs advised them, prior to any third-party offer, that they were not interested in purchasing the whole 123 acres. In the absence of an actual offer by third parties an owner has no right "to construe the oral conversation as effectuating a *1067 cancellation of the convenant * * * nor may it be deemed tantamount to a waiver or an estoppel”. (Cortese v Connors, 1 NY2d 265, 268-269.)
Defendant Sydney H. Giles, Jr., raises an additional point that the original option of December 14, 1971, is unenforceable for lack of consideration. By statute, no consideration is required. (General Obligations Law, § 5-1109; 9 NY Jur, Contracts, § 67.)
In the light of the above discussion we hold that the motion to dismiss the complaint is denied as to the first cause of. action and summary judgment thereon is granted plaintiffs. It is therefore unnecessary to pass upon the second cause of action which alleges intentional and malicious interference with the contractual relations between plaintiffs and defendants Giles, of which the complaint alleges defendants Noel Desch and Montgomery May were aware. However, see New York Jurisprudence (59 NY Jur, Torts, p 129, 32 NY Jur, Interference, pp 181-193) for a discussion of such a cause of action.
Judgment may be submitted rescinding the conveyance to the defendants Desch and defendants May and directing the defendants Giles to convey the same property, the 123 acres, to plaintiffs in accordance with their contract of purchase.