■ PETER R. CAPALONGO et al., Respondents, v NOEL DESCH et al., Appellants, et al., Defendants. — Appeal from a judgment of the Supreme Court at Special Term, entered February 20, 1980 in Tompkins County, which denied defendants' motion to dismiss the amended complaint and granted plaintiffs summary judgment. On September 14, 1971, plaintiffs purchased from defendants Giles two parcels of vacant land adjoining their home in the Town of Ithaca, Tompkins County. The Giles also owned 123 additional acres mainly south of the premises conveyed, including a small triangular parcel abutting on the west with road frontage. On December 14, 1971, plaintiffs and the Giles executed a written agreement reciting "in the event the parties of the first part [Giles] decide to sell the [triangular] parcel, the parties of the first part do hereby agree to first offer to sell said parcel to the [plaintiffs], before any and all others." The next clause provided "That in the event any third party offers to purchase said parcel from the parties of the first part, the parties of the first part do agree to then give the [plaintiffs] a chance to match said offer within ten days after notifying the [plaintiffs] of said offer and the [plaintiffs], if they notify the parties of the first part in writing of their willingness to match said offer, shall complete the purchase of same within thirty days thereafter." The consideration recited was "by * * * mutual considerations hereinafter set forth". However, there was nothing later set forth in the agreement in the nature of consideration. On May 4, 1979, defendant Desch offered in writing to purchase the entire 123 acres of land including the triangular parcel, which offer the

Giles accepted the next day. The Giles, by undated written notice, then advised plaintiffs of this contract and on June 15, 1979, plaintiffs notified the Giles in writing that they would "match the offer referred to in said notice and agree to purchase the property on all of the terms and conditions therein set forth." The Giles, however, completed the Desch contract, conveying the entire 123 acres to Desch and others. Plaintiffs commenced this action against defendants seeking judgment (1) rescinding the conveyance, (2) directing the Giles to convey the property to plaintiffs, (3) awarding $25,000 damages against the Giles in the event they could not convey good title, and (4) awarding money damages against defendants Noel Desch and Montgomery May. In lieu of an answer, defendants moved to dismiss the complaint which motion Special Term denied. The court instead granted summary judgment to plaintiffs, pursuant to CPLR 3211 (subd [c]), ordering rescission of the conveyance to Desch and reconveyance by the Giles to plaintiffs on the same terms and conditions set forth in the Giles-Desch contract. This appeal by Desch and his cotenants in common ensued. Defendants Giles have not appealed. The option agreement itself has been attacked on two separate grounds. Defendants first urge that it is unenforceable for lack of consideration. Special Term, rejecting this argument, cited section 5-1109 of the General Obligations Law which states, in part, as follows: "when an offer to enter into a contract is made in a writing signed by the offeror, or by his agent, *which states that the offer is irrevocable during a period set forth or until a time fixed,* the offer shall not be revocable during such period or until such time because of the absence of consideration for the assurance of irrevocability." (Emphasis added.) The proper interpretation of this statute is that lack of consideration does not affect revocability, provided the writing contains reference either to a specific period of time, or simply states that it is irrevocable, in which event the period of irrevocability is construed to be for a reasonable time. The written agreement in the instant case is devoid of any mention of its time duration nor does it state that it is irrevocable. Hence, Special Term erred in its application of the statute in holding that no consideration was necessary to make the option binding and irrevocable (cf. *Levey v Saphier,* 83 Misc 2d 146, affd 54 AD2d 959). Application of common law leads to the same conclusion concerning revocability of the subject option. At common law, for an option to be irrevocable, it must be shown that consideration was initially given for the option *(Rockland-Rockport Lime Co. v Leary,* 203 NY 469). The failure to give consideration in the present case leads to the same legal conclusion — the option agreement was revocable. Secondly, defendants contend that the option was in fact revoked by the Giles. They urge that in the fall of 1978 a conversation was had with plaintiff Peter Capalongo wherein Sydney Giles advised him that he would not sell the triangular parcel separately from the remaining 123 acres. According to defendants, Capalongo stated that he was not interested in purchasing the larger tract (cf. *Cortese v Connors,* 1 NY2d 265). In addition, defendants claim that execution of the Giles-Desch contract constituted a revocation of the option since such action was patently inconsistent with the terms of the option. We agree. The option, which failed to recite either its duration or that it was irrevocable, was effectively revoked by the subsequent actions of the Giles. Accordingly, Special Term erred in concluding that the option required the Giles to give plaintiffs a first refusal on the 123-acre tract. In view of the above, the judgment in favor of plaintiffs should be reversed and defendants' motion should be granted to the extent that the first and second causes of action in the amended complaint, seeking judgment rescinding the convey-

ance to Desch and directing a conveyance to plaintiffs, are dismissed. Judgment reversed, on the law and the facts, with one bill of costs to defendants; motion by defendants granted to the extent that the first and second causes of action in the amended complaint are dismissed, and defendants granted leave to file an answer with respect to plaintiffs' remaining causes of action within 20 days of the date of service of the order to be entered herein. Mahoney, P.J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur. [102 Misc 2d 1060.]