■ BEULAH FRIEDMAN, Respondent, v VIOLA SOMMER, Appellant. — Judgment, Supreme Court, New York County (Amos Bowman, J.), entered on March 10, 1983, affirmed. Respondent shall recover of appellant $75 costs and disbursements of this appeal. Concur — Sandler, J. P., Ross, Carro and Fein, JJ.

Kassal, J., dissents in a memorandum as follows: I find myself in disagreement with my colleagues and conclude, under the facts of this case, that the offer to sell the co-operative shares contained in the sixteenth amendment to the offering plan was revocable and, inasmuch as the offer had been withdrawn before acceptance by plaintiff, I would reverse the judgment and dismiss the complaint. Defendant was the sponsor of a co-operative conversion of premises located at 425 East 58th Street, known as *The Sovereign.* Plaintiff had been the tenant of apartment 45G, adjacent to apartment 45H, the latter occupied by defendant. The sixteenth amendment to the offering plan, dated April 14, 1981, provided that "each tenant is granted the *non-exclusive right* to purchase his or her apartment at the price set forth in the Twelfth Amendment to the Offering Plan for a period of thirty (30) days from the presentation of this Sixteenth Amendment." (Emphasis added.) During the 30-day period, defendant sought to withdraw the offer to sell the co-operative shares to the plaintiff. The record reflects that on May 6, 1981, defendant's attorneys filed the seventeenth amendment to the offering plan with the New York State Attorney-General's office, withdrawing the offer as to plaintiff's apartment 45G. It is also alleged that prior thereto, defendant's agent advised plaintiff's husband on two occasions that the offer to sell the apartment had been withdrawn so that defendant could use the apartment by combining it with her apartment, adjacent thereto. Six days after the effective date of the seventeenth amendment, by letter dated May 12, 1981, plaintiff informed defendant of her desire to purchase the co-operative shares for her apartment. This offer, made within the 30-day period, was rejected on May 14, 1981, defendant advising that the apartment had been previously withdrawn from the market. The prime issue before us is whether the offer to sell, incorporated into the amendment to the co-operative conversion plan, was irrevocable during the period of the offer and prior to any acceptance by the offeree. Admittedly, there

was no consideration for the offer and no express provision in the sixteenth amendment which made the offer irrevocable during the stated 30-day period. Section 5-1109 of the General Obligations Law provides in part as follows: "when an offer to enter into a contract is made in a writing signed by the offeror, or by his agent, which states that the offer is irrevocable during a period set forth or until a time fixed, the offer shall not be revocable during such period or until such time because of the absence of consideration for the assurance of irrevocability. When such a writing states that the offer is irrevocable but does not state any period or time of irrevocability, it shall be construed to state that the offer is irrevocable for a reasonable time." As applied to our case, there is no language in the sixteenth amendment which expressly or implicitly indicates that the offer to sell the co-operative shares was to be irrevocable for a 30-day period. If anything, the words "non-exclusive" connote the opposite meaning, contemplating a possible sale to another party or, as here, a revocation by the offering party prior to any acceptance by the offeree. This explicit reference in the amendment that the right granted to the tenant was "non-exclusive" is inconsistent with any notion of irrevocability. What was contemplated was that the offer could be made to others as well. The record clearly reflects that the offer had been withdrawn on May 4, 1981 by defendant's agent or, at the latest, on May 6, 1981, when the seventeenth amendment was filed, prior to plaintiff's purported acceptance on May 12, 1981. Under such circumstances, when there is a nonexclusive right, acceptance by some other party or withdrawal of the offer before any acceptance was within the contemplation of the parties. In my view, this distinguishes the situation here from that referred to by the Appellate Division, Third Department, in *Capalongo v Desch* (81 AD2d 689). Moreover, inasmuch as there is no proof in this record sufficient to conclude that defendant was a "merchant" within the terms of subdivision (1) of section 2-104 of the Uniform Commercial Code, section 2-105 of the Code has no applicability to the facts of this case. Further, in my view, the co-operative shares, representing, for practical purposes, the fee ownership of the apartment do not constitute "goods" within the terms of section 2-105 of the Code (cf. *Silverman v Alcoa Plaza Assoc.*, 37 AD2d 166, 173 [Steuer, J., dissenting]). Accordingly, I conclude that Special Term erred in granting summary judgment to plaintiff inasmuch as the offer did not amount to an irrevocable offer within the terms of section 5-1109 of the General Obligations Law. Upon this basis, the judgment entered on the assessment should be vacated, the order granting summary judgment reversed and summary judgment granted dismissing the complaint.