■ K.S. & S. RESTAURANT CORP., Appellant, v MARY YARBROUGH et al., Respondents. — In an action to compel specific performance of an option clause in a lease, plaintiff lessee appeals from a judgment of the Supreme Court, Queens County (Goldstein, J.), entered October 12, 1983, which, after a nonjury trial, dismissed the complaint.

Judgment modified, on the law, by adding a provision thereto that the dismissal of the complaint is without prejudice to plaintiff's right to replead, if it be so advised. As so modified, judgment affirmed, with one bill of costs to the defendants. Plaintiff's time to replead is extended until 20 days after service upon it of a copy of the order to be entered hereon, with notice of entry.

By an agreement dated August 17, 1978, plaintiff's predecessor in interest leased the premises known as 43-01 Queens Boulevard from the defendants' predecessor for a nine-year term. Paragraph 41 of the lease, which is at issue here, provides that: "It is agreed that if the landlord shall decide to sell the subject premises then in that event he will first offer it to the tenant or his assigns at a price and upon terms to be promulgated by the landlord. Said offer shall be made in writing and by certified mail to the tenant or his assigns. The offer must be accepted in writing within ten (10) days from the receipt of the letter. Upon the failure of the tenant to indicate his acceptance or refusal of said offer in writing, it shall be deemed that the tenant has declined to accept said offer."

By letter dated October 19, 1979, the landlord offered to sell to plaintiff both the leased premises *and* a second premises known as 43-03 Queens Boulevard for a total price of $300,000. Plaintiff

never responded to this offer. Approximately 10 months later, after having listed the properties with several real estate brokers, the landlord sold said properties to defendants Serafis and Kolombus for $248,000. Thereafter, plaintiff commenced this action seeking specific performance of the option to purchase as set forth in its lease. Trial Term dismissed the complaint at the conclusion of the trial upon finding that the landlord had complied with paragraph 41 of the lease by offering the property to plaintiff for $300,000 and that any rights plaintiff had under the lease to purchase the property were cut off upon the expiration of the 10-day acceptance period. We agree with the dismissal of the complaint, but for different reasons.

The option clause contained in the lease provided specifically that if the landlord decided to sell the leased premises, it would first be offered to the plaintiff "at a price and upon terms to be promulgated by the landlord". It is our view that under these lease terms the landlord was not obligated to first obtain a bona fide offer from a third party before calling upon the plaintiff to exercise the option (cf. *Cortese v Connors,* 1 NY2d 265). It is clear from the record, however, that at no time did the landlord ever make an offer to plaintiff to sell it just the leased premises — which were the only premises subject to the option clause. Absent such an offer, plaintiff had no obligation to exercise its rights under the option and, accordingly, cannot be said to have waived those rights. A landlord may not attempt to defeat a tenant's right to purchase a leased premises by offering it for sale only as part of a larger parcel (*C & B Wholesale Stationery v De Bella Dresses,* 43 AD2d 579; *Costello v Hoffman,* 30 AD2d 530; *New Atlantic Garden v Atlantic Garden Realty Corp.,* 201 App Div 404, affd 237 NY 540; see, also, Ann., 170 ALR 1068). By the same token, however, plaintiff, who holds an option to purchase only the leased premises, may not obtain specific performance as to both premises since it had no right to purchase the additional premises. Moreover, since there is no indication in the record that the landlord ever expressed an intention to sell the leased premises separately from the additional premises, plaintiff may not obtain specific performance as to that premises alone (*C & B Wholesale Stationery v De Bella Dresses, supra; Sautkulis v Conklin,* 1 AD2d 962, affd 2 NY2d 919). An aggrieved tenant's remedy in a situation such as that at bar is an action for rescission of the contract of sale to the third party and an injunction to bar the sale of the leased premises to anyone other than the tenant, without having first offered it to the tenant (*C & B Wholesale Stationery v De Bella Dresses, supra*). Here, however, plaintiff has only requested specific performance. While this court has the power to grant

equitable relief to plaintiff beyond that requested (CPLR 3017; see, also, *Costello v Hoffman, supra*), we decline to do so on the basis of the complaint and the record before us. Our decision is, however, without prejudice to plaintiff's right, if it be so advised, to replead within 20 days after service upon it of a copy of the order to be entered hereon, with notice of entry. Lazer, J. P., Brown, Boyers and Eiber, JJ., concur.