■ S.B.R.'s RESTAURANT, LTD., Respondent, v LORRAINE M. TOWEY et al., Appellants. (Action No. 1.) HIRSEP, INC., et al., Appellants, v KATONAH WINE & LIQUOR STORE, INC., et al., Respondents (Action No. 2.)—In an action (action No. 1), *inter alia,* to enjoin the sale of real property, and for a declaration that the plaintiff has a valid option to purchase such real property, the defendants Lorraine M. Towey, John Mongero, Monto Corporation and Katonah Wine and Liquor Store, Inc., and the defendant Margin Call, Inc., separately appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Daronco, J.), dated December 4, 1985, which, *inter alia,* upon searching the record, granted summary judgment to the plaintiff, denied the defendants' respective cross motions for summary judgment dismissing the plaintiff's amended complaint, rescinded a contract for the sale of the subject property, and enjoined the defendants from selling the premises leased by the plaintiff without first offering the premises to the plaintiff for sale pursuant to an option clause contained in the lease; and in an action (action No. 2) to compel specific performance of a contract for the sale of real property, the plaintiffs appeal from a judgment of the same court (Marbach, J.), dated April 4, 1986, which granted the defendants' motion for summary judgment dismissing the complaint and vacated the notice of pendency filed against the subject property.

Ordered that the order and judgment in action No. 1, dated December 4, 1985, is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith; and it is further,

Ordered that the judgment in action No. 2, dated April 4, 1986, is reversed, on the law, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings.

Lorraine M. Towey and John Mongero are the owners of certain real property located in Katonah, New York. One portion of the building situated on the property is occupied by Katonah Wine and Liquor Store, Inc. (hereinafter Katonah). The other portion is occupied by a restaurant. In November 1982 the lease on the restaurant was assigned to the plaintiff

S.B.R.'s Restaurant, Ltd. (hereinafter SBR). The lease contained the following provision upon which these actions turn: "Provided that the Tenant has performed the agreements, terms and conditions set forth herein, if the Landlord has the opportunity to make a bona fide sale of the demised premises, it shall give the Tenant thirty (30) days notice of such proposed sale and its terms. The Tenant shall have the first option to purchase the demised premises within the above mentioned thirty (30) day period at the same price and on the same terms of any such proposal".

On May 14, 1985, Towey and Mongero as sellers and Margin Call, Inc. (hereinafter Margin Call), as purchaser, entered into a contract of sale for the entire building containing the liquor store and the restaurant. On that same date, Katonah contracted to sell its liquor business to Hirsep, Inc. (hereinafter Hirsep) which contract is the subject of action No. 2. The contract between Katonah and Hirsep provided that if the closing of the contract to sell the entire building did not take place by July 1, 1985, Katonah could elect to terminate the contract between it and Hirsep.

In May 1985 SBR received notice of the proposed sale of the building, and pursuant to its option was given 30 days in which to purchase the premises at the same price and at the same terms as set forth in the contract with Margin Call. On June 6, 1985, SBR sent a letter to the defendants Towey and Mongero purporting to exercise its option to purchase the property. The letter provided, however, that it was exercising its option on the condition that the purchase would not be subject to a 20-year lease dated April 1, 1985, between Towey and Mongero and Katonah.

No written acknowledgment of the exercise of the option was received by SBR. Thereafter, by letter dated July 1, 1985, SBR sent a check for the down payment on the property. The check was returned by Towey and Mongero, who asserted that the tender of the check was untimely and that the purported exercise of the option was deemed to be invalid since SBR would not purchase the premises on the same terms and conditions as Margin Call.

SBR then commenced action No. 1, *inter alia,* to enjoin Towey and Mongero from selling the building to Margin Call prior to offering it for sale to SBR. Special Term granted summary judgment to SBR, holding that, under the lease, SBR could only exercise the option clause with respect to the restaurant premises. Since this portion of the building was

never offered to SBR for sale, its rights had been circumvented and it was entitled to an injunction to prevent the consummation of the sale.

We cannot agree with the Supreme Court that SBR was entitled to summary judgment. This court has held that a landlord may not attempt to defeat a tenant's right to purchase a leased premises by offering it for sale only as part of a larger parcel. The aggrieved tenant's remedy is an action for rescission of the contract of sale to the third party and an injunction to bar the sale of the leased premises to anyone other than the tenant (see, *K.S.& S. Rest. Corp. v Yarbrough*, 104 AD2d 486, 487).

Based upon the record before us, however, we conclude that an issue of fact exists concerning whether SBR's option right relates only to the restaurant portion of the building or to the entire premises. While the lease itself would seem to relate to the restaurant premises only, the defendants challenge the interpretation of the provision through parol evidence, to wit, that the local zoning ordinance would not permit a division of the subject property. Consequently, the question of the interpretation of the lease presents triable issues of fact (see, *Tantleff v Truscelli*, 110 AD2d 240, 244-245), and action No. 1 is therefore remitted to the Supreme Court, Westchester County, for a determination of those issues.

Turning to the disposition of the appeal in action No. 2, we find that the judgment appealed from in that action must also be reversed and the matter remitted to the Supreme Court for further proceedings. On August 14, 1985, Katonah notified Hirsep that it was terminating the contract of sale for the liquor business since the closing of the sale of the building did not take place by July 1, 1985. Hirsep thereafter commenced action No. 2 to compel specific performance of its contract with Katonah. The motion of the defendants in action No. 2 to dismiss the complaint was granted, based upon the court's determination in action No. 1 which enjoined Towey and Mongero from consummating the sale of the building to Margin Call.

Katonah did not attempt to terminate the contract for the sale of the liquor business until 1½ months had passed after the date called for therein. Moreover, that contract did not provide that time was of the essence, nor were there special circumstances surrounding its execution which would require such an interpretation (see, *Tarlo v Robinson*, 118 AD2d 561). Finally, the failure to close in action No. 1 was not attributable to the actions of any of the parties but was due to the

imposition of a temporary restraining order which took effect in June 1985 and remained in force until a permanent injunction was granted. Based upon the circumstances of this case, action No. 2, which sought to compel specific performance of the contract to sell the liquor business, was improperly dismissed. The complaint in action No. 2 is therefore reinstated and that matter is remitted to the Supreme Court, Westchester County, for further proceedings. Pursuant to the parties' contract, the sale of the liquor business "is contingent upon the sale of the real property * * * by [Lorraine M.] Towey and John Mongero", the defendants in action No. 1. While Margin Call and Hirsep also seek to consolidate the two actions, it is incumbent upon them to make a motion in the Supreme Court, Westchester County, if they be so advised, for that relief (see, CPLR 602 [a]). Mangano, J. P., Eiber, Kunzeman and Harwood, JJ., concur.