◼ SAAB ENTERPRISES, INC., et al., Respondents, v WLADISLAW WUNDERBAR, Also Known as WILLIAM WUNDERBAR, et al., Appellants, et al., Defendant.—In an action, *inter alia,* to set aside a conveyance, the defendants Wladislaw Wunderbar and Halina Wunderbar appeal from an order of the Supreme Court, Kings County (Hurowitz, J.), dated March 14, 1989, which denied their motion for summary judgment and

granted the plaintiffs' cross motion for summary judgment setting aside the conveyance of real property.

Ordered that the order is affirmed, with costs.

By an agreement dated September 5, 1980, the plaintiff Samuel Sherman, the president of the plaintiff Saab Enterprises, Inc. (hereinafter Saab), leased a portion of the premises known as 5802-24 Church Avenue, Brooklyn, from the defendant Abraham Bell, the owner landlord, for use as a car wash. The leased portion of the premises was situated on a lot which also included a gasoline service station leased to another party. An addendum to the lease gave Sherman the right of first refusal "should [the landlord] obtain a bona fide offer to purchase the demised premises during the term of the lease." By letter dated May 12, 1986, the landlord informed Sherman and Saab that he had received an offer for the purchase of the entire lot including the service station and the car wash. Although Saab then made an inquiry regarding financing arrangements to which the landlord responded, the plaintiffs did not respond to this offer. On October 22, 1986, the landlord sold the entire lot to the appellants.

Contrary to the contentions of the appellants, the Supreme Court properly granted summary judgment to the plaintiffs setting aside the conveyance. Absent an offer to sell just the leased portion of the premises, the plaintiffs had no obligation to exercise the right of first refusal and, accordingly, cannot be said to have waived that right *(see, K.S. & S. Rest. Corp. v Yarbrough,* 104 AD2d 486, 487). Moreover, a landlord may not attempt to defeat a tenant's right to purchase a leased premises by offering it for sale only as part of a larger parcel *(see, K.S. & S. Rest. Corp. v Yarbrough, supra; C&B Wholesale Stationary v De Bella Dresses,* 43 AD2d 579; 74 NY Jur 2d, Landlord and Tenant, § 642, at 620-621). However, the plaintiffs, having held an option to purchase only the leased premises, may not obtain specific performance as to both premises since they held no right to purchase the additional premises *(see, K.S. & S. Rest. Corp. v Yarbrough, supra,* at 487). Therefore, rescission of the contract of sale was the proper remedy.

We have examined the parties' remaining contentions and find them to be without merit. Rubin, J. P., Balletta, Rosenblatt and Miller, JJ., concur.