■ ROME SAVINGS BANK, Appellant, v B.W. HUSTED AND SON, INC., Respondent, and SENPIKE MALL COMPANY, Intervenor-Respondent.—Order unanimously modified on the law and as modified affirmed with costs to defendants, in accordance with the following Memorandum: Defendant Husted granted plaintiff a right of first refusal to purchase an .11 acre parcel. Subsequently, defendant Senpike offered to purchase a 1.6 acre parcel that included the .11 acre parcel. The offer provided for payment of a $350,000 purchase price, but did not allocate a portion of that price to the .11 acre parcel to which plaintiff held a right of first refusal. After Husted's attorney notified plaintiff of Senpike's offer, plaintiff purported to exercise a right of first refusal with respect to the entire 1.6 acre parcel. Husted did not acknowledge plaintiff's attempt to exercise its right of first refusal to the entire parcel. Instead, Husted informed plaintiff of an amendment to Senpike's purchase offer whereby Husted and Senpike allocated $15,000 of the $350,000 purchase price to the .11 acre parcel and inquired whether plaintiff desired to exercise its right of first refusal to purchase the parcel for $15,000. Plaintiff did not respond but instead filed a lis pendens covering the entire 1.6 acre parcel and commenced this action against Husted requesting specific performance with respect to the 1.6 acre parcel or, in the alternative, compensatory and punitive damages.

Subsequently, Husted delivered a deed to Senpike in which it conveyed a 1.49 acre parcel, i.e., the 1.6 acre parcel minus the .11 acre parcel. Upon Senpike's motion for permission to intervene in this action as a defendant and for summary judgment, the court issued somewhat contradictory directives. On the one hand, the court vacated the lis pendens only insofar as it encompassed property other than the .11 acre parcel. On the other hand, the court dismissed the complaint in its entirety. Plaintiff now appeals, contending that it effec-

tively exercised an option right with respect to the 1.6 acre parcel; that the rights of Senpike are subordinate to plaintiff's rights; and that the court erred in modifying the lis pendens and in dismissing the complaint against both Husted and Senpike.

Plaintiff's option does not encompass the 1.49 acre parcel purchased by Senpike. An optionee's first refusal rights are governed by the property description contained in the option contract and are not enlarged by the fact that the landowner has considered selling, or has sold, a larger parcel of which the optioned land forms only a part *(Tarallo v Norstar Bank,* 144 AD2d 157, 159; *K.S. & S. Rest. Corp. v Yarbrough,* 104 AD2d 486, 487; *New Atl. Garden v Atlantic Garden Realty Corp.,* 201 App Div 404, 411, *affd* 237 NY 540). In that event, the optionee's purported exercise of an option right to the entire parcel is without effect *(see, New Atl. Garden v Atlantic Garden Realty Corp., supra,* at 410-412). The extent of plaintiff's option right is defined exclusively by the option clause of its lease with Husted, not by the fact that Husted and Senpike initially contracted for the sale of a larger parcel of which the optioned land was but a part.

Further, there is no merit to plaintiff's claim for contract damages and specific performance in relation to the .11 acre parcel. When a landowner grants a right of first refusal to an optionee, the landowner promises merely *not to sell* without first giving the optionee the opportunity to purchase the property at a specified price *(LIN Broadcasting Corp. v Metromedia, Inc.,* 74 NY2d 54, 56, 60). The right of first refusal is violated only when the landowner sells the property without first offering the optionee the right to match the purchase offer *(LIN Broadcasting Corp. v Metromedia, Inc., supra).* By abandoning the third-party transaction prior to its consummation, Husted effectively nullified plaintiff's purported exercise of its first refusal right *(see, LIN Broadcasting Corp. v Metromedia, Inc., supra).*

We therefore conclude that the court's order was proper insofar as it dismissed plaintiff's complaint in its entirety against both defendants. We modify the order, however, to vacate the lis pendens in its entirety. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Dillon, P. J., Callahan, Denman, Boomer and Lowery, JJ.