52 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
QUALTRONICS MANUFACTURING, INC., an Arizona corporation,
Plaintiff-Appellee,
v.
Albert LEVINSON and Leonard Jaffe, a partnership (Jaffe),
Defendants-Appellants.
 No. 93-17018.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1995.*
Decided April 10, 1995.
 
 Before: CANBY, BRUNETTI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court granted Qualtronics Manufacturing, Inc. (QMI) summary judgment on the Levinson and Jaffe partnership's (Jaffe's) counterclaim for filing a groundless lis pendens notice, and certified this judgment under Federal Rule of Civil Procedure 54(b). The district court had jurisdiction of the counterclaim because it was supplemental to QMI's diversity action. See 28 U.S.C. Secs. 1332, 1367(a). We have jurisdiction of this timely appeal under 28 U.S.C. Sec. 1291 and Rule 54(b), and affirm.
 
 
 3
 Jaffe appeals from the portion of the summary judgment grant relating to the lis pendens on buildings 301 and 304. The grant of summary judgment was proper if no material fact raised a genuine question that QMI may have known or had reason to know that its lis pendens on buildings 301 and 304 was groundless. See Ariz.Rev.Stat.Ann. Sec. 33-420(a) (1994) (applicable substantive law); Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994) (standard for considering a summary judgment motion).
 
 
 4
 Under Arizona law, it is difficult to prove that a lis pendens was filed groundlessly. "[T]he scope of the [ ] court's inquiry is limited to determining whether the action is one 'affecting title to real property.' ... [T]he [ ] court need only find 'some basis' for concluding that the action affects title to real property; it need not, and should not unless necessary to its decision, determine which party will prevail on the merits." Evergreen West, Inc. v. Boyd, 810 P.2d 612, 618 (Ariz.Ct.App.1991). A claim is not groundless, i.e., it has some basis, if its proponent can present a " 'rational argument based upon the evidence or law in support of that claim.' " Id. at 619 (quoting Black's Law Dictionary 668 (6th ed. 1990)).
 
 
 5
 Paragraphs 19 and 20 of QMI's lease give QMI an option to purchase building 302 and a right of first refusal as to building 303, but the lease is silent as to whether these rights extended to allow QMI to match an offer for the entire business park. QMI's argument was that the rights to purchase the leasehold allow it to match an offer for the entire park.
 
 
 6
 We agree with the district court that there was some basis for QMI to argue that its right of first refusal extended to an offer to purchase buildings 301 and 304 along with its leasehold. The absence of Arizona case law on point and the holdings in such cases as First National Exchange Bank v. Roanoke Oil Co., 192 S.E. 764, 769 (Va.1937), and Capalongo v. Giles, 425 N.Y.S.2d 225, 227-28 (Sup.Ct.1980), rev'd on other grounds, Capalongo v. Desch, 438 N.Y.S.2d 638 (App.Div.1981), aff'd, 57 N.Y.2d 972 (1982), gave QMI a rational argument for its interpretation. QMI had some basis to record its lis pendens on buildings 301 and 304, and the action affects the title to the lots on which the notice of lis pendens in question was filed.
 
 
 7
 Because we affirm, we do not consider Jaffe's request for attorney's fees on appeal.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3