■ SYNDICOM CORPORATION, Appellant, v SHOICHI TAKAYA et al., Respondents. [714 NYS2d 256] —Judgment, Supreme Court,

New York County (Sheila Abdus-Salaam, J.), entered November 10, 1999, which, *inter alia,* denied plaintiff tenant's motion for partial summary judgment declaring that its exercise of an option to purchase the subject condominium apartment was proper and timely, and, upon a search of the record, declared in favor of defendant owner of the apartment that plaintiff did not timely exercise such option, unanimously reversed, on the law, without costs, plaintiff's motion granted and it is declared that plaintiff's exercise of its option to purchase the subject apartment was valid and timely.

Despite the IAS Court's subsequent misgivings, its temporary restraining order granted on July 29, 1999, approximately nine hours before the option was due to expire at midnight, clearly provided, in pertinent part, that "(3) the expiration of the option to purchase the Condo Unit located at 200 East 69th Street, New York, New York is hereby tolled and stayed."

The denial, six days later, of plaintiff's motion for a preliminary injunction tolling the running of its option to purchase the subject apartment, at which time the court vacated its temporary restraining order, did not affect the order's original validity or effect and plaintiff was entitled to rely upon such order and to forego compliance with the terms of the option pending the court's determination of its motion in chief. The court's subsequent statement in the order appealed from that, in denying plaintiff's request for a preliminary injunction, it did not intend to grant it an extension of time to exercise the option by " 'tacking on' " the time that had remained on the option when it signed the order to show cause, does not change the matter. Whatever subsequent events might have revealed as to the wisdom of such order, there is no question of its legal effect. Nor is there any merit to any assertion that the court was without the power to toll the running and/or the expiration of the option period.

Nothing in *First Natl. Stores v Yellowstone Shopping Ctr.* (21 NY2d 630) is to the contrary. That case merely held that once the 10-day cure period in a commercial lease had expired, the landlord was entitled to terminate the lease in accordance with its terms where the tenant did not obtain a temporary restraining order until after the landlord acted. The IAS Court opined that this is not a situation where *Yellowstone* relief is available since there is no issue of breach or forfeiture of a commercial lease and no "cure" period contained in the option agreement. However, nothing in *Yellowstone* limits the grant of temporary injunctive relief solely to instances of commercial tenants seeking to stay the running of a period to cure.

Injunctive relief has been found acceptable in cases involving options or rights of first refusal to buy leased premises (*see, e.g., SBR's Rest. v Towey*, 130 AD2d 645, 647 ["(t)he aggrieved tenant's remedy is an action for rescission of the contract of sale to the third party and an injunction to bar the sale of the leased premises to anyone other than the tenant"]; *see also, K.S. & S. Rest. Corp. v Yarbrough*, 104 AD2d 486). While those cases involved options to purchase commercial premises, this Court has held that injunctive relief is available to a residential subtenant which, "while not *Yellowstone* relief, was properly based on uncontradicted evidence that he was the object of action by the cooperative of questionable validity" (*440 E. 62nd St. Owners Assocs. v 440 E. 62nd St. Owners Corp.*, 217 AD2d 425, 426).

Finally, although the IAS Court did not reach the issue of whether the option was properly exercised, it acknowledged in its decision that it had signed the temporary restraining order at 3:00 P.M. on July 29th, approximately nine hours prior to the expiration of the option, and that it issued its decision denying injunctive relief six days later at approximately 12:00 P.M. on August 4, 1999. Thus, it is clear from the record that plaintiff timely exercised its option according to its terms by hand delivering, at approximately 1:57 P.M. on August 4, 1999, a check in the sum of $87,500 drawn on a New York State bank to Stuart A. Jackson, as escrowee, as required by Section 1.4 of the option agreement, together with a letter giving notice of "the exercise of the option * * * for the purchase price of $875,000".

As the Court of Appeals has stated, in discussing *Yellowstone* injunctions: "Once the merits had been decided by Supreme Court the stay terminated.* * * If he [the commercial tenant] lost, he either cured the default *during whatever part of the cure period remained* or the lease expired and he was subject to removal by summary proceeding" (*Post v 120 E. End Ave. Corp.*, 62 NY2d 19, 25 [emphasis added]). The same rationale applies here.

Accordingly, inasmuch as plaintiff exercised its option well within the time remaining for such exercise after the vacatur of the temporary restraining order, it was entitled to partial summary judgment on that issue. Concur—Mazzarelli, J. P., Ellerin, Lerner, Rubin and Andrias, JJ.