■ SOUTH AMHERST, LTD., Appellant-Respondent, v H.B. SINGER, LLC, Formerly Known as H.B. SINGER, INC., Respondent-Appellant, et al., Defendant. [786 NYS2d 573]—

In an action for breach of contract and injunctive relief, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated May 14, 2004, as denied its motion to preliminarily enjoin the defendant from selling the subject premises during the pendency of the action, and the defendant cross-appeals from so much of the same order as denied its cross motion, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action and to vacate a notice of pendency.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof denying the motion to preliminarily enjoin the defendant from selling the subject premises during the pendency of the action and substituting therefor a provision granting the motion; as so modified, the order is affirmed, with costs.

The Supreme Court properly denied the cross motion of the defendant landlord, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action and to vacate a notice of pendency. A landlord may not attempt to defeat a tenant's right to purchase leased premises under a right of first refusal by offering it for sale only as part of a larger parcel (*see Saab Enters. v Wunderbar,* 160 AD2d 931 [1990]). Contrary to the defendant's contention, absent an offer to sell just the leased portion of the premises, the plaintiff, its tenant, was under no obligation to exercise its right of first refusal and accordingly cannot be said to have waived that right (*see Saab Enters. v Wladislaw Wunderbar, supra; K.S. & S. Rest. Corp. v Yarbrough,* 104 AD2d 486, 487 [1984]; *S.B.R.'s Rest. v Towey,* 130 AD2d 645, 647 [1987]).

The Supreme Court improvidently exercised its discretion in denying the plaintiff's motion to preliminarily enjoin the defendant from selling the subject premises during the pendency of the action. A preliminary injunction may be granted upon a demonstration of a probability of success in the action, a danger of irreparable injury in the absence of the injunction, and a

balancing of the equities in favor of the moving party (*see Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862 [1990]; *Ahern v Pierce,* 236 AD2d 343, 344 [1997]; *Workbench, Inc. v Syblin Realty Corp.,* 140 AD2d 693, 694 [1988]). The plaintiff met these requirements by demonstrating that the property at issue is uniquely suited to the plaintiff's amusement-ride business, giving rise to a danger of irreparable injury if the injunction is not granted, and the lease gave the plaintiff a clear right of first refusal which was not offered by the landlord. Therefore, the Supreme Court should have granted the injunction. Smith, J.P., Crane, Mastro and Skelos, JJ., concur.