■ 397 WEST 12TH STREET CORP., Respondent, v VICTOR ZUPA et al., Appellants, et al., Defendants. [799 NYS2d 192]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered January 26, 2005, which denied defendant Zupa's motion for summary judgment dismissing the complaint and to vacate notices of pendency filed against his properties, and denied the cross motion of defendants Madison Capital Acquisitions LLC and Bluestar LLC for summary judgment dismissing the complaint and granting declaratory relief on their counterclaim and specific performance on their cross claim, unanimously modified, on the law, only to the extent of dismissing plaintiff's claims insofar as they relate to defendant Zupa's

10th Avenue property and cancelling the notice of pendency filed against that property, which is designated on the land map of New York County as Block 716, Lot 66, and otherwise affirmed, without costs.

Plaintiff, as a tenant in premises owned by defendant Zupa on West 12th Street (formerly Troy Street) in Greenwich Village, held a right of first refusal to purchase the property. After receiving an offer from defendant Madison Capital to buy the property, Zupa entered into a contract to sell it to Madison for $14 million, as well as a separate contract to sell Madison another property he owned on 10th Avenue for $8 million. The parties agreed that both contracts were to close simultaneously or neither would close.

Affidavits from various individuals contend that the price of the West 12th Street property may have been increased above, and that of the 10th Avenue property reduced below, market value. Plaintiff alleges that this was done to circumvent its right of first refusal, and also notes the existence of a separate agreement between Zupa and Madison in which Zupa agreed to try to convince plaintiff to waive its right of first refusal. In any event, plaintiff agreed to match the terms of the Madison offer for the West 12th Street property, but then instituted this action to compel a sale to it of the 10th Avenue property as well, or to have the price of the West 12th Street property reduced to what it contended was more reflective of market value. It also filed notices of pendency against both properties.

While defendant Zupa may not defeat plaintiff's right to exercise its right of first refusal to purchase the West 12th Street property by tying it to the sale of the 10th Avenue property, plaintiff, having a right of first refusal to purchase only the West 12th Street property, may not obtain specific performance as to both properties (*see Saab Enters. v Wunderbar*, 160 AD2d 931, 932 [1990], citing, inter alia, *K.S. & S. Rest. Corp. v Yarbrough*, 104 AD2d 486, 487 [1984]). Accordingly, we dismiss plaintiff's claims relating to the 10th Avenue property. In view of the foregoing, the notice of pendency against that property must be cancelled regardless of whether it was filed in good faith. We have considered defendants' other arguments and find them unpersuasive. Concur—Andrias, J.P., Sullivan, Gonzalez, Sweeny and Catterson, JJ.