■ JOHNNIES PELHAM ROAD SERVICE, INC., Respondent, v RICHARD S. THOMAS, Appellant. [809 NYS2d 561]—

In an action, inter alia, for specific performance of a right of first refusal contained in a lease, the defendant appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered June 16, 2005, which granted the plaintiff's motion for summary judgment directing specific performance of the right of first refusal and, in effect, enjoining the defendant from consummating a proposed transfer of the subject premises to a third party and, in effect, denied his cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law and on the facts, without costs or disbursements, the motion is denied, the cross motion is granted, and the complaint is dismissed.

On July 1, 1993 the defendant and the plaintiff's assignor entered into a lease for the premises where the plaintiff operated a gas station. The lease contained a right of first refusal triggered by any bona fide offer to purchase the leased premises received during the term of the lease. The defendant also owned an adjacent parcel, containing a private residence. The adjacent parcel was not part of the leased premises and was therefore not subject to the plaintiff's right of first refusal.

In March 2004 a third party offered to purchase both the leased premises and the adjacent parcel. The defendant notified the plaintiff of the offer, but the plaintiff declined at that time

to exercise its right of first refusal. The third-party offer, however, never ripened into a sale.

In or about August 2004, while no bona fide third-party offer was pending, the defendant offered to sell both parcels to the plaintiff at the price originally offered by the third party in March 2004. The plaintiff manifested an interest in pursuing negotiations, but was unable at that time to raise sufficient funds and a contract of sale was never executed.

In late October 2004 the defendant received another third-party offer for the leased premises and the adjoining parcel. Without first notifying the plaintiff of this offer, the defendant, on November 5, 2004, entered into a contract of sale with the third party.

In February 2005 the plaintiff approached the defendant with a new offer, and learned that the leased premises and the adjacent parcel were already in contract with the third-party purchaser and that a closing was imminent. The plaintiff then commenced this action to compel specific performance of its right of first refusal and to enjoin the sale to the third party.

After issuing a preliminary injunction, the Supreme Court entertained the parties' competing motions for summary judgment. By order entered June 16, 2005, the court, inter alia, granted the plaintiff's motion, compelled specific performance of the right of first refusal, and directed the parties to arrange for a closing of the property within 60 days of receipt of the order. The defendant appealed, and this Court stayed enforcement of the order. It is undisputed that, while the appeal was pending, the lease expired.

Contrary to the defendant's contention, the plaintiff's failure to exercise its right of first refusal following the March 2004 offer did not result in a waiver or termination of that right. The March 2004 offer encompassed not only the leased premises but also the adjacent parcel. The plaintiff could not be forced to choose between purchasing something *more* than the leased premises or risk losing its contractual right to acquire *only* the leased premises (*see New Atl. Garden v Atlantic Garden Realty Corp.*, 201 App Div 404, 410-412 [1922], *affd* 237 NY 540 [1923]). Because no third-party offer was ever made to purchase the leased premises alone, the plaintiff's preemptive right of first refusal was never triggered (*see South Amherst, Ltd. v H.B. Singer, LLC*, 13 AD3d 515, 516 [2004]; *Saab Enters. v Wunderbar*, 160 AD2d 931, 932 [1990]). It follows, therefore, that such right was neither waived nor terminated, and subsisted until the end of the lease term.

The Supreme Court erred, however, in compelling specific

performance of the plaintiff's right of first refusal. The plaintiff could not compel the defendant to convey to it only the leased premises, where, as here, the defendant clearly intended to sell both the leased premises and the adjoining parcel together (*see C & B Wholesale Stationery v De Bella Dresses*, 43 AD2d 579, 580 [1973]; *Sautkulis v Conklin*, 1 AD2d 962 [1956], *affd* 2 NY2d 919 [1957]; *New Atl. Garden v Atlantic Garden Realty Corp.*, *supra* at 410-412). Nor could the plaintiff compel the defendant to convey to it *both* the leased premises and the adjacent parcel, since its rights under the lease did not extend to the adjoining parcel (*see 397 W. 12th St. Corp. v Zupa*, 20 AD3d 335 [2005]; *Rome Sav. Bank v Husted & Son*, 171 AD2d 1048, 1049 [1991]; *Saab Enters. v Wunderbar*, *supra* at 932; *Tarallo v Norstar Bank*, 144 AD2d 157, 159 [1988]; *K.S. & S. Rest. Corp. v Yarbrough*, 104 AD2d 486, 487 [1984]). Hence, the court erred in granting specific performance of the right of first refusal.

As to the plaintiff's right to enjoin the proposed sale to the third-party, the defendant could not defeat the plaintiff's right of first refusal by selling both the leased premises and the adjoining parcel to a third party (*see C & B Wholesale Stationery v De Bella Dresses*, *supra* at 580; *Costello v Hoffman*, 30 AD2d 530, 531 [1968]). Thus, so long as the right of first refusal was in effect, the plaintiff could enjoin the proposed sale (*see Costello v Hoffman*, *supra* at 531). Since the entry of the order appealed from, however, the lease has expired, and with it the plaintiff's right of first refusal. Accordingly, the injunctive relief sought, although correctly granted by the Supreme Court at the time of the order appealed from, has been rendered academic by the expiration of the lease and is no longer warranted in the interest of judicial economy.

In light of the foregoing, the plaintiff is not entitled to the relief sought in the complaint. Accordingly, we grant the defendant's cross motion for summary judgment dismissing the complaint. In view of our determination, we do not reach the defendant's remaining contention that the complaint should be dismissed for lack of personal jurisdiction. Schmidt, J.P., Krausman, Fisher and Dillon, JJ., concur.