■ WILLIAM J. COSTELLO et al., Appellants, v. MARIE HOFFMAN et al., Respondents.— Appeal by plaintiffs (1) from so much of an order of the Supreme Court, Dutchess County, dated September 27, 1967, as granted defendants' motion to dismiss the amended complaint for failure to state a cause of action and (2) from a judgment of said court, dated October 4, 1967, in favor of defendants upon said order. Order reversed insofar as appealed from and judgment reversed, on the law, with $10 costs and disbursements, and motion denied. The time within which defendants may answer the amended complaint

is extended until 20 days after entry of the order hereon. It is alleged in the amended complaint that on September 1, 1963 defendant Hoffman leased to plaintiffs the premises described in the lease as: "ALL that building to be used as a restaurant situate on the South side of Main Street, in the Town of Pleasant Valley, County of Dutchess and State of New York, formerly rented by Nygren consisting of first floor and the second floor for living quarters together with parking space to be designated by the landlord" for five years beginning September 1, 1963 at an annual rental of $3,300, with privilege to plaintiffs of renewing the lease for a second five-year period on the same terms and conditions. The lease also gave plaintiffs a first refusal option in the following language: "'If the landlord or her successors in title have an opportunity to make a bona fide sale of the demised premises during the term of this lease, or any renewal thereof, she shall give the tenants thirty (30) days notice of such proposed sale and the terms thereof. The tenants shall have the first option to purchase the demised premises within the first mentioned thirty day period at the same price and under the same terms of any such proposal.'" It appears from an affidavit in support of defendants' motion that the premises are part of a multi-building business complex located on Route 44, the principal traffic artery through Pleasant Valley; that also included in the parcel is a factory building located in the rear of the property and a building complex which contains a number of stores, a post office and a hotel; and that parking is permitted on all four sides of the complex and is utilized in common by all the tenants in the buildings. It is further alleged in the amended complaint that by deed dated June 23, 1967 defendant Hoffman conveyed to defendant Redl the entire parcel of which the leased restaurant building was a part, without giving plaintiffs notice of the proposed sale or an opportunity to purchase either the leased premises or the entire parcel; that Redl had knowledge of the lease and the option therein given to plaintiffs; and that plaintiffs have been ready, willing and able to purchase the premises on the same terms and conditions as in the conveyance to Redl. In our opinion, the amended complaint states a cause of action. The description of the demised premises is not so indefinite as to violate the Statute of Frauds, particularly since the parties concede that the land underlying the readily identifiable building and the appurtenances thereto are included in the property demised (see, also, *Sautkulis* v. *Conklin*, 1 A D 2d 962, affd. 2 N Y 2d 919). Since parking for plaintiffs' customers is in common with that for the other customers of this shopping complex, the lease also includes the continued right to use such parking facilities. The sale by a landlord of a parcel which includes leased premises violates a first refusal clause as to the leased premises incorporated in the lease and the lessee is entitled to enjoin the landlord from selling the leased property to anyone except the lessee without according the latter the first right to purchase (*New Atlantic Garden* v. *Atlantic Garden Realty Corp.*, 201 App. Div. 404, affd. 237 N. Y. 540). The opinion of this court in *Sautkulis* v. *Conklin* (*supra*) did not change the law on this question. In *Sautkulis*, the action was *only* for specific performance and, in line with the decision in *New Atlantic Garden* (*supra*), we held that specific performance was not available to the optionee because the condition which made the option operative, sale of the leased premises, never had occurred, since the landlord never desired to sell the leased property. However, *New Atlantic Garden* clearly held that the lessee can obtain an injunction forbidding the lessor from selling the *leased property* to anyone but the lessee. *Sautkulis* did not reach the question of an injunction because the optionee did not request an injunction. Although this court has the power to grant relief beyond that specifically requested, the failure to do so in *Sautkulis* should not be read as overruling *New Atlantic Garden*, which cor-

rectly states the law on this issue. There is no language in *Sautkulis* to support such a conclusion. "To allow the owner of the whole to by-pass the optionee merely by attaching additional land to the part under option would render nugatory a substantial right which the optionee had bargained for and obtained" (*Guaclides* v. *Kruse*, 67 N. J. Super. 348, 359). We do not pass on the question whether or not plaintiffs are entitled to all the relief they seek. That they may be entitled to some relief is indicated in *L. E. Wallach, Inc.* v. *Toll* (381 Pa. 423). Christ, Acting P. J., Brennan, Benjamin, Munder and Martuscello, JJ., concur.