■ WILLIAM KLEIN et al., Appellants, v. SIDNEY GELB, Respondent.— AULISI, J. Appeal (1) from an order of the Supreme Court at Special Term, entered December 3, 1969 in Warren County, which granted a motion by defendant for summary judgment dismissing the complaint, and (2) from the judgment entered thereon. Plaintiffs commenced this action for specific performance to compel the conveyance of certain premises by the defendant to which they claim to be entitled by virtue of the terms of a written lease agreement. The lease in question is dated August 21, 1948 and by its terms defendant leased to plaintiffs the premises described therein as 74 Park Street, Glens Falls, New York, consisting of a one-story concrete building for a term of 10 years, with privilege to the plaintiffs of renewing the lease for an additional 10-year period, which option to renew was subsequently exercised by the plaintiffs. The lease also gave the plaintiffs a first refusal option in the following language: "However, in the event that the landlord desires to sell the premises during the term of this lease, he is not to do so without offering tenants first refusal on the premises. In the event that tenants refuse to meet the price of the landlord at the time the building is offered for sale, which price shall not be unreasonable or above the market value at the time so offered, the landlord may then sell the premises." The record discloses that the demised premises were a part of a larger contiguous tract of land which was owned by the defendant and that on October 17, 1967, the defendant entered into an agreement to sell the entire tract to a third party for the sum of $100,000. By letter dated October 30, 1967, defendant's attorney notified the plaintiffs' attorney that his client had a "prospective purchaser for his Park Street premises, on which you are a tenant, for the sum of One Hundred Thousand Dollars ($100,000.00)" and advised him that his clients, under the terms of their lease agreement, were entitled to first refusal at the sales price offered. Plaintiffs' attorney responded by letter dated November 13, 1967, stating that the plaintiffs were willing to purchase the 74 Park Street premises at a reasonable market value, that the proposed purchase price of $100,000 was unreasonable, that the market value, as established by their appraiser, was $22,500 and that, accordingly, they were making an offer to purchase at that price. On December 4, 1967, defendant's attorney advised that his client did not wish to sell his property "piecemeal" and that it was his intention to sell the entire parcel together, "as otherwise quite obviously any remaining portion would be of considerably lesser value". His original offer was renewed, subsequently rejected and thereafter the present action was instituted. Plaintiffs could exercise their first refusal option only in the event that the defendant determined to sell the demised premises. The correspondence which was exchanged between the

parties' attorneys makes it clear that defendant was only interested in selling the entire tract and confirms the fact that he was not willing to sell the demised premises alone, separate and apart from the larger tract of which it was a part. Accordingly, the remedy of specific performance is not available to the lessee plaintiffs inasmuch as the condition which would make their option operative, namely the sale of the demised premises, never had occurred since the defendant never desired to sell the demised premises (*Sautkulis* v. *Conklin*, 1 A D 2d 962, affd. 2 N Y 2d 919; *New Atlantic Garden* v. *Atlantic Garden Realty Corp.*, 201 App. Div. 404, affd. 237 N. Y. 540). Judgment and order affirmed, with costs. Herlihy, P. J., Aulisi, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Aulisi, J.