IONA K. SEEFELDT *et al.*, Plaintiffs-Appellants and Cross-Appellees, v. THE MILLIKIN NATIONAL BANK OF DECATUR *et al.*, Defendants-Appellees (Jerry Skeffington *et al.*, Defendants-Appellees and Cross-Appellants).

Fourth District   No. 4—85—0168

Opinion filed October 22, 1985.

Robert D. Owen and Linda M. Castleman, both of Owen, Roberts, Susler, Ltd., of Decatur, for appellants.

Michael I. Campbell, of Hull, Campbell & Robinson, of Decatur, for appellee Millikin National Bank of Decatur.

Frank H. Byers, of Byers, Byers & Greenleaf, of Decatur, for appellees Jerry Skeffington and Robert Skeffington.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On August 3, 1984, plaintiffs, Iona K. Seefeldt and James R. Seefeldt, sued defendants, the Millikin National Bank of Decatur (bank), Jerry Skeffington, Robert Skeffington, Jack Wyse, James

Lambert, and Lyle Roush in the circuit court of Macon County. Plaintiffs charged that defendants conspired to induce plaintiffs by false representations to assume a position held by defendants Skeffington as guarantors of a corporate debt owed to the bank. The complaint asserted that false representations were made in furtherance of the conspiracy and that plaintiffs relied upon the representations to their detriment. Monetary damages were sought. Subsequently, a first amended complaint making similar allegations was filed.

As their first response to the first amended complaint, the various parties filed motions for judgment on the pleadings. Some of the motions also contended that the first amended complaint failed to state a cause of action. After a hearing on the various motions the court ordered dismissal on February 5, 1985. The trial court prefaced its determination by the following which was recited into the court's docket entry.

> "Court having reviewed the arguments of counsel, accepting well pleaded facts of the complaint as true as well as all fair inferences therefrom, and accepting defendants' own allegations as false in so far as they have been controverted by opposing pleadings, and having considered the various depositions submitted by counsel, finds [in favor of the defendants]."

The court denied a motion by defendants, the Skeffingtons, Lambert, and Roush for expenses and attorney fees resulting from allegedly false statements made by plaintiffs in their pleadings. Ill. Rev. Stat. 1983, ch. 110, par. 2—611.

Plaintiffs have appealed, contending that (1) the trial court should have considered only the allegations of the complaint, and (2) the complaint stated a cause of action. The defendants have cross-appealed from the denial of their motion for expenses and attorney fees. We agree with plaintiffs' contentions on the appeal and reverse and remand for further proceedings. In view of our decision as to the judgment of dismissal, any award of expenses and attorney fees would be premature. Accordingly, we affirm the order denying fees and expenses.

A motion for judgment on the pleadings is a type of motion "with respect to pleadings" as provided for by section 2—615 of the Code of Civil Procedure. Subsection (e) states, "Any party may seasonably move for judgment on the pleadings." (Ill. Rev. Stat. 1983, ch. 110, par. 2—615(e).) The cases are legion that state that the only matter to be considered in ruling on such a motion is the allegations of the pleadings. The question presented is whether those pleadings

construed most strongly against the movant nevertheless show that there is no factual issue which, if determined against the movant, would prevent entry of judgment on behalf of the movant. See *Cunningham v. MacNeal Memorial Hospital* (1970), 47 Ill. 2d 443, 266 N.E.2d 897; *Baillon v. S.S. Kresge Co.* (1972), 4 Ill. App. 3d 82, 277 N.E.2d 719.

The theory propounded by the defendants and adopted by the court, that depositions might be considered, apparently arose from an interpretation of the opinion of this court in *Wheeler v. Caterpillar Tractor Co.* (1984), 123 Ill. App. 3d 539, 462 N.E.2d 1262, *appeal allowed* (1984), 101 Ill. 2d 578, wherein this statement appeared:

> "To withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. In ruling upon a motion to dismiss the circuit court may consider the pleadings, affidavits in support of the motion, answers to interrogatories, and deposition evidence. (*Gaudynski v. Corbett* (1980), 81 Ill. App. 3d 910, 401 N.E.2d 1218.) If the facts alleged demonstrate any possibility of recovery, the order of dismissal will be reversed." (123 Ill. App. 3d 539, 542, 462 N.E.2d 1262, 1265.)

In *Gaudynski*, the case turned on a motion to dismiss based on a statute of limitations defense. That motion was brought pursuant to what is now section 2—619(a)(5) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(5)), a procedure where matters outside the pleadings are clearly pertinent.

In *Wheeler*, this court affirmed a trial court judgment which had dismissed certain counts of a complaint and stricken requests for punitive damages as to other counts. The opinion indicated that this court had considered a report of a regulatory commission in determining that certain counts did not state a cause of action. The opinion did not indicate whether the reports were attached to the complaint. The opinion does not give any indication that any other matter except the complaint was considered. We do not deem the opinion to have intended to indicate that matters other than pleadings could be considered in ruling on a motion under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—615). To the extent that the opinion indicates otherwise, it is overruled.

Accordingly, we hold that under section 2—615 of the Code, the judgment of dismissal cannot be supported by matters other than the pleadings. We now turn our attention to the sufficiency of the

pleadings.

The alleged false statements which induced plaintiffs to give their guarantee were statements that the loans were current and that the Skeffingtons wished to be relieved of their guarantee because of their health. The complaint alleged that the loans were not current and that the Skeffingtons had other reasons for seeking relief from their guarantee. There were allegations that Roush was an officer of the defendant bank and that he conspired with the other defendants to have the false representations made to the plaintiffs. There were further allegations that the allegedly false representations were made to the plaintiffs and that the plaintiffs suffered consequential damages.

Defendants have cited such cases as *Schmidt v. Landfield* (1960), 20 Ill. 2d 89, 169 N.E.2d 229, *Johnson v. Fulkerson* (1957), 12 Ill. 2d 69, 145 N.E.2d 31, and *Broberg v. Mann* (1965), 66 Ill. App. 2d 134, 213 N.E.2d 89, for the proposition that the allegations do not set forth that plaintiffs could reasonably rely upon the truth of the statements allegedly made to them. However, one of the persons alleged to have told them that the loan was current was an agent of the lending bank. Plaintiffs were not required to allege that they attempted to examine the records of the bank.

Because the depositions of the parties were not properly before the court for the hearing on the instant motion, we need not pass upon other issues which concerned those documents. As we have indicated, we reverse the judgment dismissing the complaint and affirm the order denying certain defendants' expenses and attorney fees. The case is remanded to the circuit court of Macon County for further proceedings.

Reversed in part, affirmed in part, and remanded.

McCULLOUGH and TRAPP, JJ., concur.