CHRISTINE KRUK, Special Adm'r of the Estate of Lorraine Przybysz, Deceased, Plaintiff-Appellant, v. PAUL BIRK *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 87—199

Opinion filed April 12, 1988.

Joseph Michael O'Callaghan, of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago (David J. Slawkowski, Hugh C. Griffin, and Diane I. Jennings, of counsel), for appellees E. A. Broccolo, William F. Messink, and Associated Radiologists, Ltd.

Cassidy, Schade & Gloor, of Chicago (Richard A. Barrett, Jr., Michael J.

Gallagher, and Susan E. Seiwert, of counsel), for appellee Lutheran General Hospital, Inc.

Lurie, Sklar & Simon, Ltd., of Chicago (Miles J. Zaremski and Elaine F. Rappaport, of counsel), for appellees Paul Birk, Jr., Patrick Murphy, and Howard Rosenblate.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiff appeals from the trial court's order dismissing her medical malpractice action against defendants. Plaintiff filed her suit two days before the statute of limitations expired, she caused no summons to issue in that action, and she did not attempt to serve any of the defendants. Two years later plaintiff voluntarily dismissed her action, pursuant to section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009), and immediately refiled, pursuant to section 13—217 (Ill. Rev. Stat. 1985, ch. 110, par. 13—217). It took plaintiff a period of eight months after refiling to have all defendants served with process. The trial court later granted defendants' Rule 103(b) (107 Ill. 2d R. 103(b)) motions to dismiss plaintiff's action with prejudice. She now argues that the trial court erred in ruling that her failure to obtain service on defendants until two years after the statute of limitations had expired constituted a lack of due diligence which mandated dismissal with prejudice pursuant to Supreme Court Rule 103(b).

Plaintiff's decedent, Lorraine Przybysz, was periodically hospitalized at Lutheran General Hospital in the months prior to her death, and while there she received care from Drs. Birk, Murphy, Broccolo, Rosenblate and Messink, and from Associated Radiologists, Ltd. Ms. Przybysz died on September 17, 1981.

Plaintiff was duly appointed special administrator of the estate and subsequently filed a medical malpractice action against defendants on September 15, 1983, two days before the applicable statute of limitations expired, alleging that defendants failed to diagnose and treat Ms. Przybysz's conditions of ill-being. Plaintiff claims she delayed in bringing suit for the reason that she was having difficulty in locating an expert willing to testify on her behalf, and that no summons was issued in this case because plaintiff lacked a medical opinion that she had a meritorious cause of action.

When plaintiff sent her medical records to a physician for review, he indicated that although he believed she might have grounds for a medical malpractice action, he was unable to render a medical opin-

ion. Plaintiff then contacted a board-certified general surgeon, who advised that he believed grounds for a malpractice action existed, based on counsel's description of the events leading to Ms. Przybysz's death. Consequently, in March 1984, counsel forwarded plaintiff's medical records to this surgeon. Despite repeated efforts to contact the surgeon, plaintiff did not hear from him for months; however, in March 1985, he advised plaintiff that he was personally acquainted with one of the defendants and would not render an opinion if his identity was to be revealed. Plaintiff then sent her records to two additional general surgeons, one of whom was board-certified. The board-certified doctor believed that a cause of action existed for malpractice but declined to testify because he knew two of the defendants. The nonboard-certified surgeon also believed a malpractice cause of action existed, but preferred not to testify because he believed his lack of certification would detract from his credibility.

Thus, by August 1985, plaintiff had not yet located an expert willing to testify on her behalf; indeed, the record does not disclose that she ever found one. Accordingly, on August 13, 1985, plaintiff voluntarily dismissed her suit because she had not caused service of process to issue on any of the defendants, but pursuant to section 13—217 (Ill. Rev. Stat. 1985, ch. 110, par. 13—217), she refiled on August 14, 1985. In February 1986, in response to the defense of the statute of limitations raised by defendants after they had been served in the refiled action, plaintiff was granted leave to amend her complaint to show her filing and dismissal of the prior suit.

Lutheran General Hospital, Dr. Messink and Associated Radiologists, Ltd., were served in August 1985. Lutheran General appeared on October 18, 1985, and answered the complaint on November 24, 1985, raising the statute of limitations as an affirmative defense. Dr. Messink and Associated Radiologists appeared and made discovery requests in November 1985, and by leave of court, filed their answer in February 1986.

Dr. Rosenblate was served in September 1985. He appeared in November 1985 and moved to dismiss the complaint on statute of limitations grounds at that time. Dr. Rosenblate also served requests for discovery, and by leave of court, filed his answer in November 1985. He responded to plaintiff's discovery requests in February 1986.

Dr. Murphy was served on December 31, 1985, and he appeared and answered in March 1986. The summons issued to Dr. Broccolo in August 1985 was returned in September 1985, indicating that he was not found on several attempts to serve him at Lutheran General Hospital. No further summons issued until December 1985, and he was fi-

nally served in January 1986. In February 1986, Dr. Broccolo appeared and moved to dismiss on statute of limitations grounds. That motion was denied in April 1986, after which he filed a motion to dismiss based on Supreme Court Rule 103(b) for failure to exercise due diligence in obtaining service of process.

The first attempt to serve Dr. Birk was in August 1985, at Lutheran General Hospital. The next attempt was not made until December 31, 1985, and he was finally served in April 1986. In June 1986, Dr. Birk filed a motion to dismiss pursuant to Rule 103(b). The trial court granted both Dr. Birk's and Dr. Broccolo's Rule 103(b) motions to dismiss with prejudice in June 1986, but the final effect of that order was stayed pending the filing and disposition of similar motions by the remaining defendants.

In July 1986, Dr. Messink and Associated Radiologists, Ltd., filed similar motions to dismiss pursuant to Rule 103(b). Dr. Murphy and Dr. Rosenblate filed their Rule 103(b) motions in August 1986, and in September 1986 Lutheran General filed a motion to withdraw its answer and also filed a motion to dismiss.

Although plaintiff objected to defendants' motions to withdraw their answers, she did not move to strike defendants' Rule 103(b) motions, nor did she claim that the question of due diligence had been waived. The motions were heard in December 1986, at which time the court granted leave for Drs. Murphy, Rosenblate and Messink, as well as Associated Radiologists, Ltd., to withdraw their previously filed answers. The court also granted defendants' motions to dismiss with prejudice, pursuant to Supreme Court Rule 103(b). Plaintiff appeals from the orders dismissing her action.

Plaintiff asserts that she delayed filing suit until the statute of limitations was about to run because she had not located an expert willing to testify on her behalf at trial, and that after suit was filed, summons was not placed for service on any defendant because plaintiff still lacked a medical opinion that she had a meritorious cause of action. Plaintiff also claims that it would have been a violation of section 2—611 of the Code of Civil Procedure to have served defendants without having obtained such a medical opinion. At the time plaintiff filed her action, section 2—611 provided in part as follows:

"Allegations and denials made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee." Ill. Rev. Stat. 1985, ch. 110, par. 2—611.

Plaintiff maintains also that she dismissed her action on August

13, 1985, pursuant to section 2—1009 (which allows a plaintiff to dismiss her action at any time before trial or hearing begins), because defendants had not been served and plaintiff feared that her suit would be dismissed under Supreme Court Rule 103(b). That rule provides:

> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." (107 Ill. 2d R. 103(b).)

Plaintiff refiled her action the next day, pursuant to section 13—217 (Ill. Rev. Stat. 1985, ch. 110, par. 13—217), which provides:

> "In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if *** the action is voluntarily dismissed by the plaintiff *** then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is voluntarily dismissed by the plaintiff."

Plaintiff argues that she had an absolute right to refile her action within a year after voluntarily dismissing it. In support of this argument she cites Illinois Supreme Court decisions in *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 363 N.E.2d 796, and *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585. Further, plaintiff claims that these decisions were not affected by the supreme court's later decision in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322.

In *Aranda*, plaintiff's case was dismissed for want of prosecution before the applicable statute of limitations had run. No defendants had been served in that action. After the statute of limitations ran, plaintiff refiled her action, pursuant to section 24 (Ill. Rev. Stat. 1973, ch. 83, par. 24a (now Ill. Rev. Stat. 1986, ch. 110, par. 13—217)), and served all defendants within a month. The trial court granted defendants' Rule 103(b) motion to dismiss, because the length of time between the filing of the first suit and the service of summons in the second case showed a lack of diligence by plaintiff in obtaining service. That ruling was upheld on appeal but reversed by the supreme

court, which held that section 24 (now section 13—217) operated as an extension of the applicable statute of limitations and that the plaintiff had an absolute right to refile his complaint at any time within the extended period.

"If the extended period of time of section 24 is to serve any useful purpose, plaintiff must be accorded a reasonable time after refiling his complaint within which to obtain service. We do not say that the court when passing on a motion such as defendant has filed in this case may not consider an overall span of time between the filing of the first complaint and the ultimate service of summons in the second case in assessing plaintiff's diligence. In doing so, however, the period of time within which plaintiff must obtain service following the refiling of his suit under section 24 cannot be so abbreviated as to make the right granted by that section meaningless." *Aranda*, 66 Ill. 2d at 620.

In *Franzese*, plaintiff's case was dismissed for want of prosecution more than three years after the date he allegedly suffered personal injuries. He refiled his action within the year, pursuant to section 24 (Ill. Rev. Stat. 1973, ch. 83, par. 24a (now Ill. Rev. Stat. 1986, ch. 110, par. 13—217)). The appellate court upheld the trial court's granting of defendant's motion to dismiss, holding that section 24 does not provide an absolute right to refile, but is intended to aid only the "diligent suiter" whose opportunity for a hearing on the merits "has been frustrated by technical procedures." The supreme court reversed, holding that the language of section 24 was clear and unambiguous and it found "no basis for engrafting upon section 24 an intent on the part of the General Assembly to exclude from its ambit all but the 'diligent suiter.' " *Franzese*, 66 Ill. 2d at 140.

In *O'Connell*, defendants moved to dismiss plaintiff's action pursuant to Rule 103(b), citing plaintiff's lack of diligence in serving process. In response, plaintiff moved for voluntary dismissal, pursuant to section 2—1009 (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009). The trial court granted this motion, and plaintiff later refiled his action, pursuant to section 13—217 (Ill. Rev. Stat. 1983, ch. 110, par. 13—217). Defendants then moved to dismiss the refiled complaint, asserting plaintiff's lack of due diligence in serving process on the original complaint. The trial court denied this motion, but certified the following question:

"Whether [p]laintiff's refiled [c]omplaint may be dismissed with prejudice pursuant to Illinois Supreme Court Rule 103(b) and [s]ection 13—217 of the Illinois Code of Civil Procedure where

"[p]laintiff in a prior suit responded to [d]efendants' 103(b) [m]otions to [d]ismiss by taking a voluntary non-suit and subsequently refiling this suit."

On appeal to the supreme court, defendants argued that the trial court's failure to hear and resolve their Rule 103(b) motions to dismiss prior to considering and ruling on plaintiff's motion for voluntary dismissal rewarded plaintiff's unjustified delay in serving process in the original action. Plaintiff responded that he had an absolute right to refile his action within one year after taking a voluntary dismissal and that the due diligence requirement of Rule 103(b) applies only to service of process as to the refiled complaint.

The court first noted that the judiciary and the legislature may promulgate procedural rules, but if the court's rule conflicts with a legislative enactment, the rule prevails. The court then held that sections 2—1009 and 13—217 unduly infringe upon the court's constitutional authority to regulate the Illinois judicial system. *O'Connell*, 112 Ill. 2d at 281.

"Rule 103(b) was adopted by this court to effectuate its historical and constitutional mandate to render justice fairly and promptly.

Due diligence in serving process is essential to this purpose, for it is the sole legally sufficient means of alerting defendants to the pendency of a civil suit. *** Where a plaintiff (1) fails to exercise due diligence, particularly where his failure continues long after the expiration of the statute of limitations; (2) takes a voluntary dismissal pursuant to section 2—1009 when his diligence is challenged by a Rule 103(b) motion; and (3) refiles his action under section 13—217, even though promptly effecting service on his refiled complaint, justice is truly and unnecessarily delayed." 112 Ill. 2d at 282.

The court also held that a Rule 103(b) motion must be heard on its merits prior to ruling on a motion to dismiss under section 2—1009. The court further held that, in ruling on the pending Rule 103(b) motion, "the trial court may consider the circumstances surrounding plaintiff's service of process on his original as well as his refiled complaint." 112 Ill. 2d at 283.

Plaintiff argues that *O'Connell* is limited to its facts and does not address the issues raised in this appeal. Alternatively, if this court holds that *O'Connell* does apply to this case, she argues that it should not be applied retroactively, citing a recent third district case, *Martinez v. Erickson* (1987), 155 Ill. App. 3d 1093, 509 N.E.2d 1032, in support of this argument. However, after oral argument was heard

in this case the Illinois Supreme Court decided that *O'Connell* does apply retroactively. *Muskat v. Sternberg* (1988), 122 Ill. 2d 41.

In *Muskat*, plaintiff filed a medical malpractice action on July 23, 1982, the day before the statute of limitations expired, and the suit remained pending for two years, during which time plaintiff did not attempt to serve any of the defendants. After two years, the action was dismissed for want of prosecution. Plaintiff refiled her action on July 23, 1985, and defendants were served shortly thereafter. The trial court denied defendants' Rule 103(b) motions to dismiss, holding that "the appropriate time period by which to measure a plaintiff's diligence in obtaining service of process commences with the refiling of the lawsuit." The court then certified the following question:

"Whether, in a case in which plaintiff's original lawsuit was dismissed for want of prosecution, and no Supreme Court Rule 103(b) motion was filed and no service of process was attempted or obtained in the original lawsuit, a trial court may consider any lack of reasonable diligence in obtaining service of process in the original lawsuit in ruling on a Supreme Court Rule 103(b) motion in the refiled lawsuit." *Muskat*, 122 Ill. 2d at 43-44.

The appellate court reversed the trial court, holding that plaintiff's diligence in obtaining service in the original suit may be considered in ruling on a Rule 103(b) motion brought in the refiled action. The supreme court affirmed.

"In *O'Connell* and in *Catlett* [*Catlett v. Novak* (1987), 116 Ill. 2d 63, 506 N.E.2d 586], we emphasized that nothing is more critical to the judicial function than the administration of justice without delay. We also noted that reasonable diligence in the service of process, as required by Rule 103(b), is essential to rendering justice fairly and promptly. The rationale of those cases is that this court may not be thwarted in its constitutional mandate to render justice fairly and promptly by the manipulation of the statutory provisions relating to dismissal and the refiling of suits.

\* \* \*

The plaintiff argues that if we find *O'Connell* to be controlling, we should apply the holding of that case prospectively only, and not to the facts of this case. We decline to do so. First, the holding of *O'Connell* related to procedural, and not substantive, matters. When a change in the law merely affects the remedy or law of procedure, all rights of action will be enforceable under the new procedure without regard to whether

they accrued before or after the change in the law, and without regard to whether suit had been instituted or not. [Citation.] Furthermore, we do not view the holding in *O'Connell* as a clear change in the law. The language of our Rule 103(b), as noted above, clearly requires that the plaintiff's diligence in obtaining service of process after the running of the statute of limitations must be considered in determining whether the complaint is to be dismissed with prejudice." (*Muskat*, 122 Ill. 2d at 48-50.)

Thus, *O'Connell* does not apply to this case.

■ A reviewing court will not disturb a trial court's ruling on a Rule 103(b) motion absent a showing of abuse of discretion. (*Gatto v. Nelson* (1986), 142 Ill. App. 3d 284, 492 N.E.2d 1.) Here, the record is clear that plaintiff made no attempt to serve any of the defendants in the first action, and none of the defendants were served until four years after the alleged malpractice occurred. The trial court properly considered the time period between the filing of the first action and service on the second suit in resolving the question of plaintiff's diligence and dismissing her complaint.

■ Plaintiff's argument that she could not serve defendants on the first complaint without incurring a penalty under section 2—611 is incorrect. That section (Ill. Rev. Stat. 1985, ch. 110, par. 2—611) requires that a party have reasonable cause to bring formal allegations. This does not mean that plaintiff must have an expert opinion that malpractice has definitely been committed before serving defendants on a complaint she has already filed with the court. We note that plaintiff refiled her action the day before the new medical malpractice statute became effective. Thus, plaintiff was not required to file an affidavit stating that a physician had concluded in a written report that "there is a reasonable and meritorious cause" for filing an action. Ill. Rev. Stat. 1986, ch. 110, par. 2—622(a)(1).

■ Plaintiff also maintains that if a dismissal of her action is proper, it should have been without prejudice, as she refiled before the statute of limitations had run. Plaintiff refiled her action four years after the alleged malpractice occurred. The applicable statute provides as follows:

"No action for damages for injury or death against any physician *** whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known *** of the injury or death for which damages are sought in the action, ***

but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action." (Ill. Rev. Stat. 1985, ch. 110, par. 13—212.)

Plaintiff contends that because she had not obtained a medical opinion that she had a meritorious claim before the two years were up, she did not know that her injury was wrongfully caused, and therefore the four-year time period applies to her action. This is also incorrect. The statute of limitations begins to run when plaintiff knows or reasonably should know of her injury and also knows or reasonably should know that it was wrongfully caused. (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869.) As the trial court noted, plaintiff cannot argue that although she had sufficient facts to plead a medical malpractice action she had not discovered that her injury was wrongfully caused. The statute of limitations is not tolled while plaintiff attempts to secure an expert willing to testify on her behalf. *Beasley v. Abusief* (1986), 146 Ill. App. 3d 54, 496 N.E.2d 263.

Finally, plaintiff argues that defendants waived their rights under Rule 103(b) by answering her complaint and participating in discovery. The record reveals that this argument was not made to the trial court; consequently, it is not properly before this court. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 500, 475 N.E.2d 872; *Blaszczak v. City of Palos Hills* (1984), 123 Ill. App. 3d 699, 703, 463 N.E.2d 762.) We therefore decline to address it.

For the foregoing reasons the decision of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN, P.J., and BILANDIC, J., concur.