■ Dominic Tarallo et al., Respondents-Appellants, v Norstar Bank, Formerly Known as Security Trust Company of Ithaca, et al., Appellants-Respondents.—Mercure, J. Cross appeals from an order of the Supreme Court (Ellison, J.), entered September 9, 1987 in Tompkins County, which, *inter alia,* denied motions by plaintiffs and defendant Norstar Bank for summary judgment.

Defendant Norstar Bank leased property situate at 314-316 College Avenue in the City of Ithaca, Tompkins County, to

plaintiff Ithaca Photo, Inc. for the period November 1, 1984 to October 31, 1987. The written lease, executed on behalf of Ithaca Photo by its president and sole shareholder, plaintiff Dominic Tarallo, provided, as is relevant to this action, that each of the parties had the option to terminate the lease on its anniversary date by providing the other with 60 days' written notice in advance of such termination and that "[s]hould the building now occupied by [Ithaca Photo], at 314-316 College Avenue become available as to purchase from [Norstar], Dom Tarallo will have the first option to buy said property". On June 12, 1986, Norstar contracted to convey a parcel consisting of the leased premises and two other buildings to defendant Jason Fane, a real estate developer, for a total of $1,200,000.

By letter dated September 3, 1986, Norstar notified plaintiffs of its election to terminate the lease as of November 1, 1986. Plaintiffs' attorney responded that the notice of termination was untimely and, accordingly, ineffective and demanded that plaintiffs be presented with any purchase offers received in connection with the property. On October 28, 1986 Norstar's attorneys advised plaintiffs of the contract with Fane, extended Tarallo the option to meet Fane's offer within 20 days and impliedly acknowledged that the prior notice of termination was ineffective by indicating that the lease would terminate on October 31, 1987. Subsequently, Norstar provided plaintiffs with further requested documentation and extended the time for exercise of the option to November 24, 1986. Although Tarallo submitted some information to Norstar in connection with a request for financing, the option was never specifically exercised and no mortgage application was ever made. Norstar conveyed the properties to Fane on December 1, 1986.

Plaintiffs commenced an action to rescind the conveyance from Norstar to Fane, to compel Norstar to convey the properties to Tarallo and for money damages. In its answer, Norstar asserted as affirmative defenses that the option agreement was not supported by consideration and that plaintiffs waived their right to purchase the property by failing to exercise the option within the specified time or within an otherwise reasonable period of time. Fane counterclaimed for money damages for alleged interference with his right to possession of the realty. Plaintiffs then moved for summary judgment for the relief demanded in their complaint and Norstar cross-moved for summary judgment dismissing the complaint against it. Supreme Court denied both motions because of the existence

of a factual issue as to whether the time Norstar gave plaintiffs to exercise the option was reasonable and, pursuant to CPLR 3212 (g), found as established facts that the option was supported by valid consideration, that Norstar never agreed to sell only the premises leased by Ithaca Photo, and that Norstar was not bound by the terms of the option agreement or otherwise to provide financing for Tarallo's purchase of the property. Fane and Norstar each appeal and plaintiffs cross-appeal.

Initially, we agree with Supreme Court that the option agreement was supported by adequate consideration. Clearly, Ithaca Photo's agreement to lease the premises constituted valuable consideration for the granting of the option *(see, Bullock v Cutting,* 155 App Div 825, 828; 3A Warren's Weed, New York Real Property, Options, § 3.01 [4th ed]), which Tarallo was entitled to enforce as a third-party beneficiary *(see,* 22 NY Jur 2d, Contracts, § 273, at 133-134). Further, notwithstanding the language of the lease, Supreme Court was entitled to make a factual determination that Ithaca Photo was the intended grantee of the option. Tarallo's allegations in his affidavit in support of plaintiffs' motion for summary judgment that the lease was prepared by an employee of Norstar, that Norstar assured him that he and Ithaca Photo could have the option to purchase the leased property, and that neither party utilized the services of an attorney in connection with negotiation and preparation of the lease were not controverted by Norstar. Nor is there any merit to Fane's unsupported contention that the leased premises did not include the land upon which the buildings were erected.

We also agree with Supreme Court that since Norstar never intended to sell only the leased premises, plaintiffs are not entitled to specific performance of the option contained in the lease *(see, K.S. & S. Rest. Corp. v Yarbrough,* 104 AD2d 486, 487; *C & B Wholesale Stationery v De Bella Dresses,* 43 AD2d 579, 580; *Klein v Gelb,* 34 AD2d 1079, 1080; *New Atl. Garden v Atlantic Garden Realty Corp.,* 201 App Div 404, 411-412, *affd* 237 NY 540). Similarly, plaintiffs may not compel conveyance of the entire parcel, of which the leased premises are but a part, upon the terms offered Fane since the right of first refusal did not extend to that property. The proper remedy in a situation such as this, where title to the larger parcel has already passed in accordance with the contract, is to compel a reconveyance of the leased premises and grant an injunction barring their sale to anyone other than the grantee of the option without first offering the leased premises to said

grantee *(see, C & B Wholesale Stationery v De Bella Dresses, supra; see also, K.S. & S. Rest. Corp. v Yarbrough, supra).*

Accordingly, plaintiffs' motion for summary judgment should have been granted insofar as it sought to set aside the conveyance of the leased premises to Fane, and Norstar's cross motion should have been granted to the extent that it sought dismissal of plaintiffs' claim for specific performance compelling Norstar to convey to Tarallo the larger parcel encompassing the leased premises.

Order modified, on the law, without costs, by granting plaintiffs' motion for summary judgment insofar as it sought to compel a reconveyance of 314-316 College Avenue, City of Ithaca, County of Tompkins, from defendant Jason Fane to defendant Norstar Bank and by granting so much of Norstar's motion for summary judgment as sought dismissal of plaintiffs' demand for specific performance; and, as so modified, affirmed. Kane, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.