■ Dominic Tarallo et al., Appellants, v Norstar Bank, Formerly Known as Security Trust Company of Ithaca, et al., Respondents.—Mercure, J. Appeals (1) from an order of the Supreme Court (Ellison, J.), entered August 31, 1989 in Tompkins County, which denied plaintiffs' motion for leave to serve an amended complaint, and (2) from an order and judgment of said court, entered September 7, 1989 in Tompkins County, which, *inter alia,* granted defendant Norstar Bank's motion for summary judgment dismissing the complaint against it.

The facts underlying this action are set forth in our memorandum on a prior appeal (144 AD2d 157). Here, plaintiffs appeal (1) from an order of Supreme Court denying their motion to amend the complaint to allege causes of action for money damages resulting from defendant Norstar Bank's claimed fraud in representing to plaintiffs that it would permit them to purchase the subject property on the terms offered defendant Jason Fane and Fane's tortious interference with plaintiffs' lease and conversion of rents subsequent to the conveyance of the leased premises to him, and (2) from the order and judgment dismissing plaintiffs' complaint.

We affirm. Here, it is plaintiffs' claim that monetary damage resulted from Norstar's failure to honor plaintiffs' right of first refusal and from Fane's tortious interference with the same. In our prior memorandum, we held that because Norstar never intended to sell only the leased premises, the right of first refusal provision of the lease gave plaintiffs no right to purchase either the leased premises or the larger parcel ultimately conveyed to Fane (supra, at 159). Thus, plaintiffs, having no right to compel the purchase of either property, cannot claim damage as the result of Norstar's failure to convey either of the parcels to them. For the same reason, the limited opportunity which Norstar did give plaintiffs to meet Fane's offer on the larger parcel was wholly gratuitous and plaintiffs may not be heard to complain that the terms of this option were unduly severe or that they are entitled to reimbursement for moneys expended in their unsuccessful effort to exercise it. Finally, plaintiffs have no cause of action for rent paid by their prior subtenant to Fane following the expiration of the lease. Inasmuch as the new causes of action asserted in the amended complaint were devoid of merit, Supreme Court acted within its discretion in denying the motion to amend (see, Citizens Fid. Bank & Trust Co. v Coulston Intl. Corp., 160 AD2d 1110, 1111).

Orders and judgment affirmed, without costs. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.