■ 730 SUPERMARKET CORP., Appellant, v BYRON BOYCE Co., INC., et al., Defendants, and MYRON BOYCE et al., Respondents. —In an action, *inter alia,* to compel the conveyance of real property, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of a judgment of the Supreme Court, Westchester County (Zeck, J.H.O.), entered April 19, 1989, as, after a nonjury trial, dismissed the complaint insofar as asserted against the respondents.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff's complaint is premised on the failure of the defendant Sirbo Holdings Corp. to honor a right of first refusal to purchase premises in accordance with one of the provisions

of a lease formerly existing between these two parties. The Supreme Court found the failure to have been without justification. The plaintiff, which has since assigned the lease and sold the supermarket business it operated on the premises, settled this action as against the defendants David and Leah Kaplan, to whom the defendant Sirbo Holdings Corp. sold those premises, thus precluding equitable relief normally available in cases such as this *(see, Cortese v Connors,* 1 NY2d 265; *Tarallo v Norstar Bank,* 144 AD2d 157; *Quigley v Capolongo,* 53 AD2d 714, *affd* 43 NY2d 748).

We agree with the plaintiff that the Supreme Court, in declining to award damages, erroneously regarded this case as if it were one for breach of an option to purchase rather than the different right of first refusal *(see, LIN Broadcasting Corp. v Metromedia, Inc.,* 74 NY2d 54, 60; *Metropolitan Transp. Auth. v Bruken Realty Corp.,* 67 NY2d 156, 163; *R.I. Realty Co. v Terrell,* 254 NY 121; *see also, Cortese v Connors, supra).* We nonetheless agree with the Supreme Court's conclusion that the plaintiff is not entitled to damages representing the difference between the value of its business if it owned the realty on which that business was conducted and the value of the business absent such ownership. The plaintiff has failed to demonstrate that the claimed loss in value was within the contemplation of the parties to the lease at the time they executed it or that the loss was an incidental damage flowing from the breach relied upon *(cf., Kenford Co. v County of Erie,* 67 NY2d 257, 261; *Witherbee v Meyer,* 155 NY 466). Since the plaintiff offered no proof of damages stemming from the loss of its bargain for the right of first refusal, the Supreme Court properly concluded that no damage had been sustained. Brown, J. P., Kooper, Harwood and Miller, JJ., concur.