THE RETREAT, Plaintiff-Appellant, v. WILLIAM F. BELL, Defendant-Appellee.

Fourth District    No. 4—97—0325

Opinion filed May 15, 1998.

McCULLOUGH, J., dissenting.

Christopher W. Bohlen (argued), of Barmann, Kramer & Bohlen, P.C., of Kankakee, for appellant.

David W. Jaffe and Jerome C. Shapiro (argued), both of Kankakee, for appellee.

JUSTICE COOK delivered the opinion of the court:

In this unusual case the trial court dismissed, on the pleadings, a complaint that had been on file for almost seven years, after granting defendant leave to withdraw his answer. During the seven years, discovery had been taken and defendant had filed a motion for summary judgment that had been denied. We reverse and remand with instructions for the trial court (1) to allow plaintiff to amend to seek additional relief and (2) to resolve this case on the facts.

On June 7, 1990, plaintiff, the Retreat, a not-for-profit corporation, filed its complaint against defendant William F. Bell. The complaint alleged that the Retreat leased a 1.2-acre tract from Bernard Billberg, Jr., by a lease dated July 1, 1976, and that the lease gave the Retreat a right of first refusal in the event the lessor received "a bona fide offer to purchase the leased premises" during "the term of

this Lease, or any renewal thereof." The complaint further alleged that on or about July 20, 1989, Bell purchased 16.5 acres (which included the 1.2-acre tract) from the estate of Florence Billberg for $285,000. The complaint alleged that the July 1, 1976, lease "was in force and effect on" July 20, 1989. Count I requested specific performance, that Bell be ordered to convey the 1.2-acre tract to the Retreat in exchange for $20,945 (the proportion of the total purchase price attributable to 1.2 acres). Count II sought a judgment against Bell in the amount of $100,000.

Bell filed an answer January 11, 1991, in which he admitted that the lease was in full force and effect until June 30, 1986, but denied that it was in force after that time. The parties proceeded with discovery. On November 13, 1992, Bell filed a motion for summary judgment alleging that the Retreat had not filed the necessary notice extending the lease beyond June 30, 1986. On March 2, 1994, the trial court denied the motion for summary judgment "in that there is a question of fact as to whether terms of the lease were extended." On April 19, 1994, new counsel entered their appearance for Bell. On June 2, 1994, Bell filed a "Motion for Leave to Withdraw Answer and File Motion to Dismiss or in the Alternative Motion to Strike." That motion was granted over two years later, on September 25, 1996. On February 6, 1997, the court granted the motion to dismiss in a "Memorandum of Opinion" that granted leave to amend.

On April 15, 1997, the court entered the order now appealed, stating:

> "1. That the Complaint does not set forth facts in support of the conclusion that the lease was 'in full force and effect on the date in question.'
>
> 2. That even if the Plaintiff did allege facts sufficient to support its conclusion that the lease was in full force and effect on or about July 20, 1989, the Complaint would still fail to state a cause of action, as Plaintiff would have had, at best, a first right of refusal as to the parcel it rented and not as to the greater tract conveyed."

The April 15, 1997, order did not give plaintiff the right to amend.

■ The trial court has discretion to permit a defendant to withdraw an answer and file a motion to dismiss as long as there will be no prejudice to plaintiff. *Premo v. Falcone*, 197 Ill. App. 3d 625, 629, 554 N.E.2d 1071, 1074-75 (1990) (answer filed only two weeks earlier). Usually leave to withdraw an answer is granted when defendant desires to plead some affirmative matter, especially when some event has occurred subsequent to the filing of the answer. *Bailey v. Petroff*, 170 Ill. App. 3d 791, 798, 525 N.E.2d 278, 282-83 (1988)

(leave to plead statute of limitations, which would be waived unless raised affirmatively); *La Salle National Trust, N.A. v. Village of Westmont*, 264 Ill. App. 3d 43, 77, 636 N.E.2d 1157, 1178 (1994) (defendant no longer owned property in question); *Simpson v. Illinois Health Care Services, Inc.*, 225 Ill. App. 3d 685, 687, 588 N.E.2d 471, 473 (1992) (plaintiff failed to file health-care affidavit within 90 days of filing complaint). Of course when defendant has simply overlooked an issue that could be raised by a motion to dismiss and quickly seeks leave to withdraw an answer, such leave should be granted. *Wall v. Pecaro*, 204 Ill. App. 3d 362, 365, 561 N.E.2d 1084, 1086 (1990). That often happens when one defendant answers but a second defendant files what appears to be a meritorious motion to dismiss. *First Bank v. Rinaldi*, 262 Ill. App. 3d 179, 182, 634 N.E.2d 1204, 1207 (1994); *Kruk v. Birk*, 168 Ill. App. 3d 949, 952, 523 N.E.2d 93, 96 (1988) (defendant joined other defendants' motions alleging delay in service of process).

■ When leave to withdraw an answer is sought, not "to make a defense or assert a cross claim" (735 ILCS 5/2—616(a) (West 1996)), but simply to raise the technical objection that the wording of the complaint is conclusory, leave to withdraw the answer should be denied. Lawsuits should move forward, not backward. Motions to dismiss are useful to weed out, at an early stage, cases where plaintiff clearly cannot prevail, cases where it is clearly apparent that no set of facts can be proven which will entitle a plaintiff to recovery. *Wright v. City of Danville*, 174 Ill. 2d 391, 398, 675 N.E.2d 110, 115 (1996). That was not the situation here. If the complaint adequately apprised Bell of the issues so that he could take discovery and file a motion for summary judgment, how can Bell now complain that the complaint did not adequately inform him of the Retreat's claim? As the trial court held when it denied Bell's motion for summary judgment, the question whether the lease was in existence on July 20, 1989, is a question of fact. Questions of fact cannot be decided on a motion to dismiss. "In ruling on a section 2—615 motion to dismiss, the court must accept as true all well-pleaded facts in the complaint and all reasonable inferences which can be drawn therefrom." *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 86, 672 N.E.2d 1207, 1213-14 (1996).

If Bell had information clearly indicating that the lease had not been extended, he should have filed another motion for summary judgment. *Pagano v. Occidental Chemical Corp.*, 257 Ill. App. 3d 905, 909, 629 N.E.2d 569, 573 (1994) (successive motions allowed). A motion for summary judgment is a better way to determine whether there are facts to support a complaint than is a motion to dismiss. It

appears that the sole reason Bell wanted this case decided on a motion to dismiss, and not on a motion for summary judgment, was to take advantage of the rule that affidavits may not be considered in deciding section 2—615 motions.

It is frequently said that the determination of a section 2—615 motion is based on the pleadings rather than on the underlying facts, that only facts apparent from the face of the pleadings may be considered, and that affidavits, products of discovery, and other evidentiary materials may not be considered. See 3 R. Michael, Illinois Practice § 27.4 (1989) (Civil Procedure Before Trial). The cases so holding are concerned, however, with attempts on the part of the *defendant*, the movant, to contradict well-pleaded facts (which must be accepted as true) and to partially convert the section 2—615 motion into a motion for summary judgment. *Wegman v. Pratt*, 219 Ill. App. 3d 883, 896, 579 N.E.2d 1035, 1044 (1991) (error to strike prayer based on transcript of criminal trial); *Seefeldt v. Millikin National Bank*, 137 Ill. App. 3d 841, 843, 485 N.E.2d 30, 32 (1985) (section 2—615 judgment of dismissal cannot be supported by matters other than the pleadings, unlike judgments under section 2—619); *Baughman v. Martindale-Hubbell, Inc.*, 129 Ill. App. 3d 506, 509, 472 N.E.2d 582, 584 (1984) (court may not consider supporting affidavits "offered by the movant"); *Johnson v. Nationwide Business Forms, Inc.*, 41 Ill. App. 3d 128, 131, 359 N.E.2d 171, 173 (1976) (error to confuse motions and consider defendant's affidavits, depositions, or exhibits on a section 2—615 motion).

There are no cases, however, that ignore affidavits and discovery materials submitted by the *plaintiff*, in opposition to the section 2—615 motion, and in response to defendant's arguments that plaintiff is pleading only a conclusion and that plaintiff cannot plead specific facts in support of that conclusion. "The circuit court should dismiss a cause of action on the pleadings only if it is clearly apparent that no set of facts can be proven which will entitle a plaintiff to recovery." *Wright*, 174 Ill. 2d at 398, 675 N.E.2d at 115. How can it be said that no set of facts can be proved that will entitle a plaintiff to recovery when the record contains affidavits setting out those facts? "Normally where a pleading is defective solely because it consists of conclusions rather than ultimate facts, it cannot be said that no set of facts could be proven which would warrant relief." See 3 R. Michael, Illinois Practice § 23.3, at 305 (1989) (Civil Procedure Before Trial). Why should we ignore the affidavits and limit our view solely to the supposedly conclusory pleading, when the affidavits support, instead of contradict, that pleading? Pleading motions should not be decided on technicalities, but "with a view to doing substantial justice between the parties." 735 ILCS 5/2—603(c) (West 1996).

A pleading that states that a lease "was in force and effect" on July 20, 1989, sufficiently pleads the ultimate fact. A requirement that a complaint plead that the lease was in force because a notice to extend was sent on such and such a date improperly requires the complaint to plead evidence. Nevertheless, the affidavits disclose there is more to this case than the semantic question whether we have an ultimate fact or a conclusion.

No one disputes that the Retreat was in possession of the 1.2 acres on July 20, 1989. Bell argues that that possession was not under the lease, but as a holdover tenant from year to year. The nature of the possession, however, is a question of fact that cannot be decided on a motion to dismiss. Bell also argues that the Retreat was required to attach a copy of the notice extending the lease to its complaint. See 735 ILCS 5/2—606 (West 1996):

> "If a claim or defense is founded upon a written instrument, a copy thereof, or of so much of the same as is relevant, must be attached to the pleading as an exhibit or recited therein, unless the pleader attaches to his or her pleading an affidavit stating facts showing that the instrument is not accessible to him or her."

Bell did not raise that argument in the trial court, however, and the Retreat should at least be given the opportunity to attach an affidavit to its pleading regarding accessibility.

The necessity for a written notice of extension could have been waived by the lessor or copies of the notice could have been lost. Of course the original notice, delivered to the lessor, would not have been in the possession of the Retreat. On July 6, 1989, the attorney representing the Billberg estate sent a notice to the Retreat, giving "official notice" that a $285,000 offer had been received from Bell, and "should the Retreat Club resolve to exercise the option under Paragraph 10 of the Lease [the right of first refusal,] please notify me of the resolution." It is significant that the lessor thereby recognized that the lease was in existence and that the right of first refusal applied. The affidavit of Richard L. Ackman, dated June 21, 1993, states that he was the attorney for the Retreat, that he prepared a notice of extension of the lease, and that the notice was sent to the Billberg estate. The Retreat could have attempted to allege these facts in an amended complaint, but that failure may be excused where the trial court made it clear that it would not change its ruling even if the complaint were amended.

Bell's own argument is not limited to the pleadings. Bell argues that the Retreat entered an appearance in the Billberg estate and consented to the sale to Bell. (The argument ignores the admission of the estate's attorney that he solicited the consent and represented to the Retreat that the consent would not prejudice its rights.)

The trial court gave a second reason for its decision, which it stated would control even if the complaint was sufficient. That reason was that the lessee of a small tract that is a part of a larger tract has no remedy, under a right of first refusal contained in the lease, when the lessor chooses to sell the larger tract and does not attempt to separate out the smaller tract. If the trial court is correct on that question of law, on which there seems to be no Illinois cases, then the trial court properly dismissed the complaint. The trial court is mistaken, however, that the lessee has no remedy. " 'To allow the owner of the whole to by-pass the optionee merely by attaching additional land to the part under option would render nugatory a substantial right which the optionee had bargained for and obtained.' " *Costello v. Hoffman*, 30 A.D.2d 530, 532, 291 N.Y.S.2d 116, 118 (1968), quoting *Guaclides v. Kruse*, 67 N.J. Super. 348, 359, 170 A.2d 488, 495 (1961).

The New York cases say that the proper remedy, in a case where title to the larger parcel has already passed, is to compel a reconveyance of the leased premises and grant an injunction barring its sale to anyone other than the grantee of the option. *Tarallo v. Norstar Bank*, 144 A.D.2d 157, 159, 534 N.Y.S.2d 485, 487 (1988). The lease has now apparently expired here, but reconveyance would at least give the Retreat an opportunity to bid against Bell. Other states allow specific performance, allowing the lessee to compel a sale of the smaller tract, perhaps at a proportionate price as the Retreat seeks here. *Berry-Iverson Co. of North Dakota, Inc. v. Johnson*, 242 N.W.2d 126, 134-35 (N.D. 1976); *Denco, Inc. v. Belk*, 97 So. 2d 261 (Fla. 1957). Money damages may be appropriate. *Anderson v. Armour & Co.*, 205 Kan. 801, 806, 473 P.2d 84, 89 (1970). The Retreat sought specific performance and money damages in its complaint, and in an attempt to cover all bases now asks leave to amend to seek an injunction as well. A plaintiff in this situation should have some remedy.

Accordingly, we reverse the order of the trial court granting Bell's motion to dismiss. We remand the case with instructions to allow the Retreat to amend its complaint to seek further relief, and with instructions that this case be resolved on its facts, either by trial or by motion for summary judgment if appropriate.

Reversed and remanded with instructions.

STEIGMANN, J., concurs.

JUSTICE McCULLOUGH, dissenting:
Because I disagree with the majority's conclusion that Bell's motion to dismiss was improvidently granted, I respectfully dissent.

In ruling on a section 2—615 motion to dismiss, all well-pleaded facts are taken as true and all reasonable inferences from those facts are drawn in favor of the plaintiff; however, mere conclusions of law or fact unsupported by specific factual allegations in the complaint are disregarded. *Doe v. Calumet City*, 161 Ill. 2d 374, 384-85, 641 N.E.2d 498, 503 (1994). Dismissal is proper when plaintiff makes conclusory allegations without a factual basis; specific facts must be pleaded upon which such conclusions rest. *Universal Outdoor, Inc. v. Village of Elk Grove*, 194 Ill. App. 3d 303, 305, 550 N.E.2d 1254, 1256 (1990). When a claim is founded on a written instrument, such as the lease in the instant case, the lease must be attached to the complaint as an exhibit or recited therein, or an affidavit appended showing the instrument to be inaccessible to the pleader. 735 ILCS 5/2—606 (West 1996).

Attached to the Retreat's complaint was a copy of the July 1, 1976, five-year lease and a March 18, 1981, "addendum" to that lease. Paragraph 8 of the 1976 lease provided:

"It is further agreed that the Lessee shall have the exclusive right and option to renew or extend this Lease for an additional term of five years at the expiration of the original five[-]year term, under the same terms and conditions as provided for herein *with the exception of this renewal provision*; provided, however, that notice of the exercise of such option shall be given by Lessee to the Lessor at least sixty (60) days before the expiration of the term of this lease, said notice to be in writing." (Emphasis added.)

The Retreat did not attach any written notice of renewal, nor an affidavit showing the instrument to be inaccessible, but did attach the March 18, 1981, addendum, which provides in relevant part:

"WHEREAS, it is the intention of the parties hereto that the subject Lease may be extended for an additional five (5) year period, being from July 1, 1986[,] to June 30, 1991; and,

\* \* \*

1. Lessee shall have the exclusive right and option to renew and extend the subject Lease for an additional term of five (5) years at the expiration of the extension to June 30, 1986, said renewal and extension being from July 1, 1986[,] to June 30, 1991, under the same terms and conditions as contained in the Lease dated the 1st day of July, 1976.

2. Notice of the exercise of this option shall be given by Lessee to Lessor at least sixty (60) days before the 30th day of June, 1986, said notice to be in writing."

It is apparent from the terms of the lease that unless it was extended by exercise of the option to renew for a five-year period,

through written notice to the lessor at least 60 days prior to expiration, it expired on June 30, 1981. The Retreat did not attach a copy of any written notice exercising the option to extend the lease to June 30, 1986. The March 1981 addendum to the lease by its terms confers only a future option on a second five-year renewal following expiration of the option provided for in the July 1, 1976, lease. While referencing the original five-year renewal commencing July 1, 1981, the addendum makes no mention of an actual exercise of that option or of notice provided the lessor. Rather, the addendum appears to constitute a modification of paragraph 8 of the July 1, 1976, lease, which had precluded an extension of the five-year renewal option.

Even if Bell's admission, in his withdrawn answer to the complaint, that the lease was in full force and effect until June 30, 1986, constitutes an evidentiary fact or a binding judicial admission, there is no evidence of any extension beyond that date. The Retreat did not attach to its complaint or file of record any instrument evidencing exercise of the renewal option commencing July 1, 1986, or of timely notice to lessor of exercise of that option. Absent instruments evidencing exercise of the second renewal option, the Retreat could not support its conclusory allegation that the lease was in full force and effect at the time of sale of the property on July 20, 1989, the factual basis upon which its claim for specific performance was founded.

The majority concludes that Bell never raised the applicability of section 2—606 as a "defense" in the trial court but does so for the first time on appeal. However, Bell's motion to dismiss at paragraph 1(a) provides:

> "The lease agreement referred to in Paragraph 4 thereof, upon which it is purported to be based expired of its own terms on June 30, 1981, no extension or renewal being attached thereto; *nor is there attached thereto any written notice or election to exercise the option to extend pursuant to the provisions thereof.*"

The majority suggests that Bell's motion to dismiss was untimely based on the case's extensive procedural history and states that if Bell had information clearly indicating that the lease had not been extended, he should have again filed for summary judgment, rather than withdrawing his answer and moving to dismiss the complaint. I disagree with the suggestion that Bell's motion to dismiss for insufficiency of the complaint was untimely. It is appropriate at any stage of the proceedings, and particularly before verdict, to raise the objection that the complaint fails to state a cause of action and is therefore legally insufficient. *Wimmer v. Koenigseder*, 108 Ill. 2d 435, 439, 484 N.E.2d 1088, 1090 (1985) (waste of judicial resources to allow continuation of a proceeding where plaintiff failed to state a valid cause of

action even though objection brought for the first time on review). Moreover, despite any irregularity in the procedural history of this case, the burden was not on Bell to prove a negative, *i.e.*, that the lease had not been renewed, but was borne by the Retreat to attach to its complaint proof of the instrument sued on. The June 21, 1993, affidavit of Richard Ackman, a member of and one time attorney for the Retreat, does not comport with the requirements of section 2—606 because it does not allege facts showing that the lease is not accessible. Moreover, Ackman's affidavit is insufficient factual support for the complaint for two additional reasons. While Ackman avers that he prepared a notice of extension of the lease and mailed it to the Billberg estate, he does not specify the time period in which he did so (required to be earlier than 60 days prior to lease end) nor to which of the extensions he refers—July 1, 1981, or July 1, 1986. It is also noteworthy that Ackman's affidavit is dated more than three years before the trial court granted Bell's motion to dismiss and also allowed the Retreat leave to amend. Nevertheless, the Retreat did not amend its complaint. Surprisingly, the majority supplies its own conjecture as rationale for the missing instruments or averments as to accessibility.

For all the above reasons, I respectfully dissent.