■ ANN C. CESTONE et al., Respondents-Appellants, v LELA C. BROWN, Appellant-Respondent.—In an action, *inter alia,* to compel specific performance of a right of first refusal agreement, (1) the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated April 10, 1989, as denied her cross motion for summary judgment dismissing the complaint, and (2) the plaintiffs cross-appeal from so much of the same order as denied their motion for summary judgment on their first and third causes of action.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying the defendant's cross motion for summary judgment, and substituting therefor a provision granting the defendant summary judgment dismissing the complaint; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

In 1984 the defendant sold to the plaintiffs two lots contained within a larger parcel she owned. At that time the parties also executed an agreement which gave the plaintiffs the right of first refusal with respect to a third, adjoining lot. A few years thereafter the defendant put the adjoining lot (hereinafter Lot 9) on the market as part of a larger parcel. The defendant received several offers to purchase the entire parcel, one of which she accepted. However, that deal was never consummated. A second offer was thereafter received for the same amount as the offer that the defendant had previously accepted. Although the defendant did not inform the plaintiffs of her dealings with respect to Lot 9, the plaintiffs became aware thereof and advised the defendant of their intention to enforce their right of first refusal. As a result, the defendant declined to enter into a contract with the potential purchaser. After the defendant received and rejected a higher offer from a third purchaser, who intended, in turn, to sell Lot 9 to the plaintiffs, the plaintiffs commenced this action, seeking, *inter alia,* to enforce their right of first refusal and to compel the defendant to sell Lot 9 to them. After proceeding with discovery the plaintiffs moved, and the defendant cross-moved, for summary judgment. The Supreme Court concluded that there existed issues of fact warranting a trial and, accordingly, denied both the motion and the cross motion. We modify and grant summary judgment dismissing the complaint to the defendant.

"The effect of a right of first refusal, also called a preemptive right, is to bind the party who desires to sell *not to sell*

without first giving the other party the opportunity to purchase the property at the price specified" *(LIN Broadcasting Corp. v Metromedia, Inc.,* 74 NY2d 54, 60 [emphasis in original]). However, such a right does not compel an owner to sell her property *(see, LIN Broadcasting Corp. v Metromedia, Inc., supra; see also, K.S. & S. Rest. Corp. v Yarbrough,* 104 AD2d 486; *C&B Wholesale Stationery v De Bella Dresses,* 43 AD2d 579; *Costello v Hoffman,* 30 AD2d 530). It appears that the defendant has chosen not to sell the lot in question at this time, and thus, the defendant is entitled to summary judgment dismissing the complaint. Brown, J. P., Lawrence, Kooper and O'Brien, JJ., concur.