■ YUDELL TRUST I et al., Appellants, v API WESTCHESTER ASSOCIATES et al., Respondents. [643 NYS2d 161] —In an action, *inter alia*, for specific performance of a contract to purchase certain property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated August 3, 1994, as granted the motion of the defendants API Westchester Associates, Limefield Corporation, N.V., and Leo S. Ullman to dismiss the complaint insofar as asserted against them to the extent that it sought specific performance and denied their cross application for summary judgment on the cause of action seeking specific performance.

Ordered that the order is reversed insofar as appealed from, with costs, the motion is denied, and the plaintiffs' cross application for summary judgment on the cause of action seeking specific performance is granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment directing the plaintiffs to consummate their purchase of the subject property as described in Schedule

A annexed to the summons and complaint dated April 12, 1994, within 30 days after service upon them of a copy of said judgment, with notice of entry.

The plaintiffs and the defendants Limefield Corporation, N.V. (hereinafter Limefield) and Leo S. Ullman were partners in the defendant API Westchester Associates (hereinafter API), a limited partnership. The partnership agreement provided, in pertinent part, that if API were to receive an offer to purchase the sole property of API—a parcel of real property located in White Plains, New York—the plaintiffs would have a right of first refusal before API could accept the offer. On June 4, 1993, API, by Limefield and Ullman, entered into a contract with CCA Industries (hereinafter CCA) for the sale of the subject property to CCA, without providing prior notice of CCA's offer to the plaintiffs. On that same day, CCA assigned its interest in the contract to the defendant AMF Bowling Centers, Inc. (hereinafter AMF).

Thereafter, Limefield and Ullman gave the plaintiffs notice of the contract. The plaintiffs rejected the contract as not being in compliance with the provisions of the partnership agreement, but elected to exercise their right of first refusal.

Subsequently, the plaintiffs commenced this action, *inter alia,* for specific performance compelling the sale of the property to them. Two days after this action was commenced, the contract between API and AMF expired by its terms without consummation of the sale. This appeal by the plaintiffs is from an order which, *inter alia,* granted the motion of API, Limefield, and Ullman to dismiss the complaint insofar as asserted against them for failure to state a cause of action. The Supreme Court reasoned that the request for a declaratory judgment was academic since the contract had expired, and that the issue of specific performance was irrelevant since there was no offer in existence.

It was error to dismiss the complaint against the movants to the extent that it sought specific performance. The general rule is that "a right of first refusal or preemptive right—as distinguished from an option—does not 'give its holder the power to compel an unwilling owner to sell; it merely requires the owner, when and if he decides to sell, to offer the property first to the party holding the preemptive right so that he may meet a third-party offer or buy the property at some other price set by a previously stipulated method' " (*LIN Broadcasting Corp. v Metromedia, Inc.,* 74 NY2d 54, 56, quoting *Metropolitan Transp. Auth. v Bruken Realty Corp.,* 67 NY2d 156, 163). However, this does not compel the owner to sell the prop-

erty as the owner may revoke the offer prior to acceptance (see, *LIN Broadcasting Corp. v Metromedia, Inc., supra; Cestone v Brown,* 163 AD2d 563). Moreover, the right of first refusal may be extinguished where the offer is declined by the holder (see, *McPeady & Co. v Chestnut St. Props.,* 179 AD2d 915), or where the third-party offer is not matched (see, *Story v Wood,* 166 AD2d 124).

Here, API clearly violated Article IX of the partnership agreement inasmuch as it did not communicate CCA's offer to the plaintiffs until it had already executed a contract of sale with CCA. However, the intention of the parties with respect to Article IX of the partnership agreement was satisfied, since API gave the plaintiffs the opportunity to exercise their right of first refusal by sending them a notice of offer on November 16, 1993 *(see, LIN Broadcasting Corp. v Metromedia, Inc., supra).* The plaintiffs' letter of December 24, 1993, constituted an acceptance of the offer. In that letter the plaintiffs, despite their complaints that the offer had not been in strict compliance with Article IX of the partnership agreement, "elect[ed] to purchase all of the interests of [Limefield] and Ullman in the Partnership in accordance with * * * Article [IX]". Thus, although API could have revoked the offer before its acceptance by the plaintiffs (see, *LIN Broadcasting Corp. v Metromedia, Inc., supra; Bloomer v Phillips,* 164 AD2d 52), it did not do so. Consequently, the plaintiffs' election to purchase the property, as conveyed by the letter dated December 24, 1993, converted the offer into a binding contract (22 NY Jur 2d, Contracts, § 46), the continued validity of which was unaffected by the subsequent expiration of the triggering event, i.e., expiration of the contract between API and AMF.

The plaintiffs claim that Limefield and Ullman thwarted their efforts to close on the contract by failing to furnish the necessary documents, including documents pertaining to transfer gains tax and a statement of assets and liabilities. As we are now awarding judgment to the plaintiffs on the issue of specific performance, Limefield and Ullman must provide all the documents necessary for closing of the contract.

In light of the foregoing, we do not reach the parties' other contentions. Bracken, J. P., Rosenblatt, O'Brien and Goldstein, JJ., concur.