■ PATRICK E. MALLOY, III, et al., Respondents, v JOHN O'NEILL, Appellant. [661 NYS2d 34] —In an action seeking declaratory relief and specific performance of a stockholders' agreement, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered August 8, 1996, which, upon an order of the same court, also dated August 8, 1996, granting the plaintiffs' motion for summary judgment and denying his cross motion for summary judgment dismissing the complaint, is in favor of the plaintiff and against him, *inter alia,* directing specific performance of the provision of the stockholders' agreement granting a right of first refusal to purchase the shares of stock held by the appellant in a corporation named Malloy Air East, Inc.

Ordered that the judgment is modified, on the law, by deleting the fourth and fifth decretal paragraphs thereof and substituting therefor a provision directing that the amounts of $6,258 and $892.99, representing stockholder loans payable to the plaintiff Malloy Air East, Inc., by the defendant, shall be deducted from the purchase price of the 49 shares of stock which the plaintiff Patrick E. Malloy, III is entitled to have transferred to him upon payment of the book value thereof; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine the book value of John O'Neill's 49 shares of stock as provided for in Article III of the Agreement.

The plaintiffs commenced this action for declaratory relief and specific performance of a shareholders' agreement dated November 19, 1979, which contained a right of first refusal with respect to the transfer of shares of stock in the corporation. The plaintiffs alleged that the transfer by the defendant John O'Neill of his 49 shares in the plaintiff corporation, Malloy Air East, Inc. (hereinafter Malloy Air), triggered the plaintiff Patrick E. Malloy's (hereinafter Malloy) right of first refusal or preemptive right to purchase the shares as provided in Article IV of the stockholders' agreement. Malloy owns the remaining 51 issued shares of Malloy Air. Article III of the Agreement provides that in the event of a transfer of shares, such as was made by the defendant, the purchase price shall be established by the book value of the stock as of the close of the last fiscal year of the corporation preceding the date on

which the sale of stock is to take place, and determined by the accountants regularly employed by Malloy Air.

"The effect of a right of first refusal, also called a preemptive right, is to bind the party who desires to sell *not to sell* without first giving the other party the opportunity to purchase the property at the price specified * * * Under a right of first refusal, the only offer involved is one to be made in the future, if and when the owner reaches agreement with a third-party purchaser" *(Lin Broadcasting Corp. v Metromedia, Inc.,* 74 NY2d 54, 60).

Under the facts of this case, O'Neill's undisputed transfer of his 49 shares to another corporation on March 1, 1995, for the purpose of defeating Malloy Air's Subchapter S status, together with his March 6, 1995, letter advising the plaintiffs of the same, triggered Malloy's right of first refusal *(see, Quigley v Capolongo,* 53 AD2d 714, *affd* 43 NY2d 748). Thereafter, Malloy sent written notification to O'Neill on March 9, 1994, evidencing his intent to exercise his right, within 30 days of O'Neill's March 6th letter, as provided in Article IV of the Agreement. O'Neill's argument that he then rescinded the transfer, thereby cancelling Malloy's ability to exercise his right of first refusal, is unpersuasive, since, among other things, such a construction would improperly render the right of first refusal clause in the contract meaningless *(see, Two Guys from Harrison-N. Y. v S.F.R. Realty Assocs.,* 63 NY2d 396).

However, since the judgment provided that the purchase price of the stock in question was $102,361 and the decision upon which the judgment was entered made no such determination, the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine the purchase price of the 49 shares of stock, pursuant to Article III of the Agreement. This is necessary since, among other things, the materials submitted to the court to support the plaintiffs' claim of a purchase price of $102,361 were first submitted only after the motion and cross motion were decided, and included a fixing of the book value of the stock at $101,173 and unsworn documents from the accounting firm of Callahan Nawrocki, P. C. In this regard, the evidence established that Callahan Nawrocki, P. C. was the accountant regularly employed by Malloy Air, and may, accordingly, fix the book value of the stock as provided for in Article III of the Agreement *(see, e.g., Haven Assocs. v Donro Realty Corp.,* 149 AD2d 667; *cf., Stern v Birnbaum,* 206 AD2d 514; *Claire v Wigdor,* 24 AD2d 992, 993).

We have examined O'Neill's remaining contentions and find

them to be without merit. Thompson, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.