■ C&D FOOD ENTERPRISES, INC., Appellant, v MADELINE FUDOLI, Respondent. [759 NYS2d 425] —Appeal from an order of Supreme Court, Erie County (Gorski, J.), entered September 6, 2000, which, inter alia, granted defendant's cross motion for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the cross motion is denied, the complaint is reinstated and the motion is granted in accordance with the following memorandum: Plaintiff is the lessee of a convenience store under a lease with defendant granting plaintiff a right of first refusal to purchase the property that included the leased premises. Defendant entered into a contract to sell that property and notified plaintiff of the sale contract, inquiring whether plaintiff intended to exercise its right of first refusal. Plaintiff obtained a copy of the third-party contract and then exercised its right of first refusal. Defendant thereafter notified plaintiff that the prospective purchaser had cancelled its contract and that, "since there is no underlying contract[,] * * * [plaintiff's] right of first refusal also fails."

Plaintiff commenced this action for specific performance, simultaneously moving by order to show cause for the same relief sought in the complaint. Defendant did not object to that improper procedure, but instead served an answer and cross-

moved for summary judgment dismissing the complaint. Supreme Court denied plaintiff's motion and granted defendant's cross motion, determining that, when the sale to the third party was "abandoned," plaintiff's first refusal right was "realized," and that plaintiff had no further right to purchase the property. We reverse.

Plaintiff's effective exercise of the first refusal option was not extinguished by termination of the third-party contract of sale after plaintiff had accepted the first refusal offer (*see Malloy v O'Neill*, 242 AD2d 260, 261 [1997]; *Yudell Trust I v API Westchester Assoc.*, 227 AD2d 471, 472-473 [1996]; *cf. LIN Broadcasting Corp. v Metromedia, Inc.*, 74 NY2d 54, 62 [1989] [a first refusal offer may be withdrawn at any time before its acceptance]; *see generally Morrison v Piper*, 77 NY2d 165, 170 [1990]; *Metropolitan Transp. Auth. v Bruken Realty Corp.*, 67 NY2d 156, 163 [1986]). Rather, plaintiff's "election to purchase the property * * * converted the [first refusal] offer into a binding contract * * *, the continued validity of which was unaffected by the subsequent [termination] of the triggering event" (*Yudell Trust I*, 227 AD2d at 473; *see Malloy*, 242 AD2d at 261). We therefore reverse the order, deny defendant's cross motion for summary judgment dismissing the complaint, reinstate the complaint and grant plaintiff's motion for specific performance directing defendant to convey the subject property to plaintiff pursuant to the same terms and conditions as those set forth in the third-party contract. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Lawton and Hayes, JJ.